Taylor, Thomas & Co. v. Wightman.

TAYLOR, THOMAS & CO. v. WIGHTMAN ET AL.

| 51 | 411 |
| 97 | 495 |
| 51 | 411 |
| 123 | 197 |

1. **Guaranty** : CONSIDERATION : EVIDENCE. In an action against the guarantor of an account upon a written guaranty expressing a consideration of one dollar, the defendant averred that he received no consideration whatever, and the plaintiff was allowed to show by parol that the real consideration was an extension of time : *Held*, that the recital of what constituted the consideration was not essential, and that the plaintiff was properly allowed to show what the consideration was in fact.

*Appeal from Fremont District Court.*

THURSDAY, JUNE 12.

THIS action was brought against the defendant M. I. Wightman on account for goods, and against the defendant R. V. Wightman as guarantor of the account. The guaranty was in writing. R. V. Wightman alone defended, admitting the execution of the instrument of guaranty, but averring that it was without consideration. There was a judgment for the plaintiffs against both defendants. The defendant R. V. Wightman appeals.

*Dalby & Holmes*, for appellant.

*Stow & Hammond*, for appellees.

ADAMS, J.—The guaranty purported to be executed in consideration of one dollar in hand paid, but no sum was in fact
1. GUARANTY: paid. This was shown by the testimony of Wight-
consideration:
evidence.       man, which was not disputed. After he rested,
the plaintiffs offered in evidence a deposition of one of the
members of their firm, for the purpose of showing that the
guaranty was executed in consideration of the extension of
time upon the account. The defendant objected to the deposition as irrelevant and incompetent. The court overruled
the objection, to which ruling the defendant excepted, and he
now assigns the same as error.

The guaranty was dated May 1, 1877, and purported to
obligate the defendant for the payment of the account by the
first day of August following, if not paid sooner by the principal debtor. It was executed in acceptance of a proposition
made by the plaintiffs by letter, wherein, at the defendant's
request, they agree in substance, in consideration of the execution of the guaranty, to wait. The time is not specified,
but construing the letter in connection with the instrument
of guaranty inclosed with it, to be executed by the defendant,
the meaning doubtless is that the plaintiffs, in consideration of
the execution of the guaranty, would wait until the first day of
August, the time when the guaranty was to become enforceable.
This promise would constitute a sufficient consideration for the
guaranty, if it was proper to be shown. The defendant insists
that it was not proper. In the first place, he insists that
there was no foundation laid in the petition for the introduction of the evidence, and in the second place, that it is not
competent to show by parol a consideration different from
that expressed in the writing.

The petition contains no averment as to what the consideration was, except so far as it is done by setting out the instrument of guaranty, which purports to be for the consideration of one dollar. The defendant answers that he never
received one dollar or any other consideration. He deemed
it proper to do more than deny the receipt of the considera-

tion expressed, and we think it was necessary for him to do so. The instrument, by reason of the mere fact of its being in writing, imported a consideration. If it was necessary for the defendant, in addition to denying that he received the consideration expressed, to aver that he received no other consideration, it was necessary for him to prove it. He did introduce evidence to that effect, and having done so, it was competent for the plaintiffs to introduce evidence in rebuttal.

We come then to the second question, as to whether they should have been allowed to show a different consideration by parol. The defendant insists that they should not, because in so doing they were contradicting a written instrument. But, we think, the rule of evidence relied upon is not applicable in such a case. It not being necessary that any consideration should be expressed, the words by which it was expressed may be considered as superfluous so far as the question before us is concerned.

It will be observed that the action is not brought to enforce the payment of an additional consideration. If it were brought for such purpose a different question would arise. The question before us is as to whether the instrument is void. It is not to be so held unless the party executing it has shown an absence of all consideration. This he attempted to do, but in so attempting he claimed the right to contradict the instrument, if the showing in regard to the consideration can be regarded as a contradiction. The true idea is that the recital of what passed as the consideration of the execution of the instrument is not an essential part. The defendant, therefore, was properly allowed to show that no consideration was received, although in contravention of the recital. If the defendant could not be precluded from contradicting the recital, the plaintiffs are not limited by it. We see no error in admitting the evidence.

AFFIRMED.