## WILLIAMS *v.* SEWELL *et al.*

121  665
e124 303
124  307
121  665
e126  66

1. An animal tied to a stake in a public street, for the purpose of permitting it to graze upon the herbage therein, is an obstruction of such street, and is at large within the meaning of ordinances authorizing the removal of obstructions from the public streets, and requiring the marshal of the town to take up live stock running at large and confine them in a pound.   It is immaterial whether the portion of the street thus occupied by the animal is in actual use by the public at the time, if it is subject to be used as a highway.

2. A municipal charter which imposes upon the mayor the duty of seeing that the ordinances of the town are faithfully executed, and confers upon him jurisdiction to try all persons charged with violating such ordinances, authorizes the mayor to issue a warrant for the arrest for trial of one charged with the violation of an ordinance ; and this is true notwithstanding the charter does not in express terms authorize the mayor to issue a warrant for such purpose.

3. A municipal court authorized by the charter to impose two or more kinds of punishment for a violation of the municipal ordinances may impose an alternative sentence (see Political Code, § 712 ; *Hathcock* v. *State*, 88 *Ga.* 91, 99 ; *Papworth* v. *Fitzgerald*, 106 *Ga.* 382) ; but has no power, in the absence of express legislative authority, to impose a fine and enforce its collection by labor upon the public streets.   *Brieswick* v. *Brunswick*, 51 *Ga.* 639 (1) ; *Carr* v. *Conyers*, 84 *Ga.* 287 (2).

4. A judgment of a municipal court imposing a sentence that the accused pay a fine in a given amount, " and, in default of the payment of the same within ten days," that the accused work at hard labor on the streets of the municipality, is, under the rulings in the cases last above cited, not a judgment imposing an alternative sentence, but is a judgment imposing a fine, with a provision that its payment shall be enforced by labor on the public streets.

5. A judgment of the character above indicated, so far as it authorized the enforcement of the payment of the fine by labor on the streets, is void, when there is no express legislative authority conferred upon the municipality to enforce the payment of a fine by labor upon the public streets, and an arrest under such a judgment is unlawful.

6. Such a judgment is in the nature of a warrant for the arrest of the accused, and an officer who makes an arrest thereunder will not be liable either for malicious arrest or false imprisonment if he acts in good faith in attempting to execute the judgment.   Civil Code, § 3852 ; *Berger* v. *Saul*, 113 *Ga.* 869, 871 ; *Page* v. *Citizens Banking Co.*, 111 *Ga.* 86.

7. A judgment for costs in which no amount is stated is not void.   *McLendon* v. *Frost*, 59 *Ga.* 350.

8. There was no error in refusing to grant a new trial.

Argued November 19, 1904. — Decided January 27, 1905.

Action for damages.    Before Judge Hodnett.    City court of Carrollton.    June 7, 1904.

*R. D. Jackson, James Beall,* and *Griffith & Weatherly,* for plaintiff. *W. F. Brown,* for defendants.

COBB, J. The action was for trespass in taking and carrying away personal property, for assault and battery, malicious arrest, and false imprisonment. The defendants were the mayor and marshal of the Town of Temple and two others who were called to the assistance of the marshal. The charter of the Town of Temple will be found in the Acts of 1901, p. 650 et seq. The legal principles controlling the case are set forth in the headnotes. The evidence demanded a finding that the defendants acted in good faith and without malice, and authorized a finding in their favor on all other issues. There was no error of such a character as to require a reversal of the judgment.

*Judgment affirmed. All the Justices concur.*