126   63
f128   27

# LEONARD *v.* MAYOR AND COUNCIL OF EATONTON.

1. From the charter of Eatonton and the answer to the writ of certiorari it appearing that there is no law in that city authorizing the imposition of costs upon one convicted in the mayor's court of the violation of a municipal ordinance, it· was error to add a judgment for costs to the sentence.

2. The fact that the amount of the fine imposed, with the cost added thereto, would be less than the amount which the mayor might have imposed as a fine would not render the cost legal.

3. Under the Political Code, § 712, and the charter and ordinances of that city, the mayor of Eatonton was authorized, upon finding a person guilty of violating a municipal ordinance, to sentence him to pay a fine of $25, and, in default thereof, that he be confined at labor upon the streets, sidewalks, or public works of said city for the term of sixty days.   COBB, P. J., dissenting.

4. Questions not made or passed on in the trial before the mayor, touching the validity of the municipal ordinance under which the accused was tried, will not furnish ground for reversal by this court upon exception to the overruling of the certiorari.

5. The evidence authorized the judgment of guilty.

Submitted May 21,—Decided July 27, 1906.

Certiorari.   Before   Judge   Lewis.   Putnam   superior   court. March 21, 1906.

J. N. Leonard was tried in the mayor's court of the City of Eatonton, charged with the violation of a municipal ordinance, and was convicted. The sentence of the court was that he pay a fine of $25, and the cost of the case, or, in default thereof, that he be confined at labor upon the streets, sidewalks, or public works of said city, for a term of sixty days. The accused carried his case to the superior court by writ of certiorari. The judge of that court overruled the certiorari, and the accused excepted. The ordinance he was charged with violating was as follows: "Be it further ordained, by the authority aforesaid, that if any person or persons shall assault, strike, or in any manner or way oppose, molest, abuse, or interrupt any of the city officers in the execution of his or their duty, he or they shall, upon conviction, be punished as prescribed in ordinance No. 1." That part of ordinance "No. 1," referred to in the foregoing ordinance as prescribing the punishment, is as follows: "shall be punished by a fine not exceeding $100, and imprisonment not exceeding 90 days, or either, or by labor on the public streets, sidewalks, or other public works in said city, for a term not exceeding 90 days."

*W. T. Davidson,* for plaintiff in error. *J. S. Turner,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. At common law costs were not recoverable, eo nomine; and costs, as such, in criminal cases were unknown. In the absence of statutory authorization, no right to or liability for costs exists. 11 Cyc. 24, 267; 13 Cent. Dig. 14; State *v.* Kinne, 41 N. H. 238. "All officers charging costs, and exacting its payment from the pocket of the citizen, must always show the authority of the law to do so." *Stamper* v. *State,* 11 *Ga.* 643. In State *v.* Cantieny, 34 Minn. 1, 7, it was said: "It is further objected that the ordinance is invalid because the penalty prescribed adds to the fine which may be imposed the *costs of prosecution,* which is not in terms authorized by the charter. Assuming, as we do, that the ordinance contemplates the *costs* authorized by its terms to be an imposition in *addition* to the *fine* which one convicted may be required to pay as a penalty or punishment, we deem it unauthorized by the charter. . . The power to punish by fine does not include the power to add to such a fine as may be deemed a proper penalty for the offence committed the costs of the prosecution also. But this renders the ordinance void only in respect to the provision as to costs. Other-

wise it is valid, complete, and enforceable." The charter of the City of Eatonton provides that the mayor and aldermen may "make and pass all needful orders, by-laws, ordinances, resolutions, rules and regulations, not contrary to the laws of the State or of the United States, and may make and pass all other orders, by-laws, ordinances, resolutions, rules and regulations necessary to the welfare and proper government of said city, whether to carry into effect any specially enumerated power or otherwise, not inconsistent with the laws of this State or of the United States, and may prescribe reasonable fines, not exceeding one hundred dollars and imprisonment not exceeding ninety days, or either, necessary to carry into effect such orders, by-laws, ordinances, resolutions, rules and regulations as [and?] may for such purposes compel wrong-doers, after conviction, to labor upon the streets, sidewalks, or other public works in said city for a term not exceeding ninety days."Acts 1890-1, vol. 2, p. 901. If this should be treated as sufficiently broad to authorize the passage of an ordinance prescribing reasonable costs in trials before the mayor (which we do not decide), yet the answer of the mayor to the writ of certiorari shows that there is no such ordinance. To the extent of the costs imposed the judgment or sentence is not lawful. In the law relating to towns and villages chartered by the superior court, reference is made to costs (Pol. Code, § 705) ; but it does not affect this city, which was chartered by the Legislature. The judgment, however, also declared the defendant guilty, and that he should pay a fine of $25, and in default thereof that he should be confined at labor upon the streets, sidewalks, or public works of the city for sixty days. It is contended that this was not authorized by the charter or by the general law. The provision of the charter is quoted above. The decisions in *Brieswick* v. *Brunswick,* 51 *Ga.* 639, and *Carr* v. *Conyers,* 84 *Ga.* 287, are relied on to support this contention. The former of these cases was decided in 1874. In 1879 an act was passed, which is now codified (Political Code, § 712), and which reads as follows: "All police courts of this State, having authority to try offenses against the laws of the cities, towns, and villages in which such courts are located, shall have power and authority to impose fines upon persons convicted of said offenses, with the alternative of other punishment allowed by law, in case said fines are not paid." If this was not enacted to meet the decision mentioned, it at least

followed such ruling soon after it was made. It authorized exactly the character of sentence which was here imposed (omitting the cost feature). The decision in the *Carr* case makes no reference to this act, and apparently it was overlooked. This was not unnatural, as, though general in its character, it is codified along with legislation referring to towns and villages which may be chartered by the superior court. Both of those cases rested on construction of charters—the first the charter of Brunswick, the second the charter of Conyers. In *Williams* v. *Sewell*, 121 *Ga.* 665, the court was construing the charter of Temple. It did cite § 712, but did not construe it. Here again the question was one of charter power. The statute when squarely invoked must control. The evidence amply supported the judgment of the mayor; and the error in regard to costs in the sentence furnishes no ground for a new trial. The judgment is affirmed, with direction that the superior court by proper instructions shall cause the mayor to correct the sentence by omitting the illegal cost feature, and resentence him without regard to cost.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent, and*

COBB, P. J., dissenting. The charter of Eatonton does not confer authority upon the police court of that city to enforce the payment of a fine by imprisonment or compulsory labor. Section 712 of the Political Code does not authorize a police court to enforce the payment of a fine by imprisonment or compulsory labor, but confers only the authority to impose an alternative sentence. In three cases, each decided by a unanimous bench, this court has held that a sentence of the character involved in the present case is not an alternative sentence, but a sentence enforcing the payment of a fine by imprisonment. *Brieswick* v. *Brunswick*, 51 *Ga.* 639; *Carr* v. *Conyers*, 84 *Ga.* 287; *Williams* v. *Sewell*, 121 *Ga.* 665. The ruling in the last case might possibly be treated as not authoritative, for the reason that a construction of the sentence involved was not absolutely essential to the decision of the case. The other cases are controlling until reviewed and overruled in the manner prescribed by law. I can not interpret these decisions as my brethren do. Under my interpretation of them they are controlling authority on the question now before us. If the question were open and I were not bound by these decisions, I would be strongly

inclined to construe the sentence in the present case as alternative in its nature, and therefore authorized by the charter and code. I concur in all the rulings made in the present case, except the one construing the sentence.