### 3303.    WILLIAMS v. HOLLAND.

Where a plaintiff dismisses or discontinues his action, or suffers nonsuit, he has the privilege of recommencing the action only upon the payment of all the costs which accrued in the former suit, unless he files the pauper affidavit allowed by the Civil Code (1910), § 5626. This condition as to payment of costs applies to all costs, whether due to officers or to the opposite party, and applies whether a formal judgment taxing the costs has ever been entered or not.

DECIDED JUNE 29, 1911.

Action for damages; from city court of Statesboro—Judge J. H. Smith presiding. January 11, 1911.

*A. M. Deal, F. T. Lanier, R. Lee Moore,* for plaintiff.

*Brannen & Booth,* for defendant.

POWELL, J.  Williams sued Holland, and after there had been several trials in the city court, and after the case had come to this court on one occasion, and the grant of a new trial had been affirmed, he voluntarily dismissed his action, and a judgment in the following language was rendered: "Upon motion of counsel for the plaintiff, it is considered, ordered, and adjudged that the above-stated case of R. M. Williams against M. M. Holland be and the same is hereby dismissed, at the cost of the plaintiff, R. M. Williams." He renewed his suit, and a plea in abatement was filed. It appeared, from the evidence, that, although the plaintiff, before renewing his action, went to the clerk and to the sheriff and paid them such portion of the costs as had not been previously paid to them by the defendant, he made no payment or tender to the defendant of a certain amount of costs, which the defendant had paid out in the course of the proceedings which had been had in the former suit.

The Civil Code (1910), § 5627, provides that "the plaintiff in any action, in any court, may dismiss his action either in vacation or term time, and, if done in term time, the clerk or justice shall enter such dismissal on the docket." It is also provided (§ 5625) that where a suit is so dismissed or is discontinued, or a nonsuit is granted, the plaintiff "may recommence his suit on the payment of

costs." The non-payment of the costs upon the renewal of, the action is a matter which must be set up by plea in abatement, but, when so set up, is efficient to cause a dismissal of the recommenced action, unless, of course, the plaintiff has filed the pauper affidavit provided for in the Civil Code (1910), § 5626. *Langston* v. *Marks,* 68 *Ga.* 435; *Bland* v. *Bird,* 134 *Ga.* 74 (67 S. E. 427). Not merely costs due to the officers are to be paid, but costs due to the opposite party as well. *Sweeney* v. *Malloy,* 107 *Ga.* 80, 84 (32 S. E. 858). Payment, or at least a bona fide tender of payment, is required, and no mere arrangement whereby some collecting officer gives a receipt without payment is sufficient so far as relates to the costs due to other officers or to private persons. *Board of Education* v. *Kelley,* 126 *Ga.* 479 (55 S. E. 238) *McLaurin* v. *Fields,* 4 *Ga. App.* 688 (62 S. E. 114).

The plaintiff makes the point that the judgment in the former suit did not tax the costs; but this makes no difference. The code section on the subject includes no such condition as that the costs shall be taxed or a formal judgment rendered for them, in order to make payment of them a condition precedent to the recommencing of the action. When the judgment of dismissal in the former action was offered in evidence in this case on the trial of the plea in abatement, counsel objected to it on the ground that it was a nullity, because the amount of costs was left in blank. As pointed out by Judge Bleckley in *McLendon* v. *Frost,* 59 *Ga.* 350, it is not usual for the court, at the time of the rendition of the judgment, to enter up the amount of costs, and it is the duty of the clerk to fill in the blank later, which may be done at any time when it becomes necessary; and, following this, it was held in *Williams* v. *Sewell,* 121 *Ga.* 665 (49 S. E. 732), that a judgment for costs in which no amount is stated is not void. The court did not err in directing a verdict in favor of the defendant upon the plea in abatement.  *Judgment affirmed.*