## BOWLES *v.* MALONE.

Mandamus will not lie to compel the official stenographer of the city court of Madison to furnish one convicted of a misdemeanor in that court a transcript of notes taken on the trial, without being first paid therefor. Fees for such services are not costs taxable against the defendant only upon final conviction.

> December 11, 1912.

Petition for mandamus.  Before Judge J. B. Park.  Morgan superior court.  September 13, 1912.

*M. C. Few* and *Percy Middlebrooks,* for plaintiff.

*F. C. Foster* and *E. H. George,* contra.

Hill, J.  The relator was convicted, in the city court of Madison, of a misdemeanor.  Pending the hearing of a motion for a new trial made by him, he demanded of the official stenographer of that court a transcript of the evidence and of the charge of the court delivered on his trial, with which demand the stenographer refused to comply until she was paid for her services.  Whereupon relator, in an application to the superior court, set forth the above-stated facts, alleged that it was necessary for him to have the transcript in question on the hearing of his motion for a new trial, that he was financially unable to pay therefor, and that the refusal to furnish it was a denial of his constitutional right to have his trial finally disposed of without having to pay any costs in advance; and asked for a writ of mandamus to compel the stenographer to deliver to him the transcript without exacting costs

therefor. Upon the hearing the trial judge dismissed the application upon demurrer, and this judgment is assigned as error.

By an amendment to the act of the legislature creating the city court of Madison, it is provided that the official stenographer of that court shall report all criminal cases when either the State or the defendant demands it, and shall transcribe all stenographic notes when so required by either the State or the defendant, for which the stenographer shall receive the same compensation paid stenographers of the superior courts for like services. It is further provided: "Whenever the defendant in any criminal case shall request the stenographic notes to be transcribed, such defendant or his attorney at law shall pay for such transcript." Acts 1911, p. 296, § 2, It is contended by the relator that the stenographer's charges formed a part of the costs in the case, and could not be collected from him in advance of a final conviction. "At common law no costs were recoverable, eo nomine; and costs, as such, in criminal cases, were unknown. In the absence of statutory authorization, no right to or liability for costs exists." *Leonard* v. *Eatonton,* 126 *Ga.* 63, 64 (54 S. E. 963). The provisions of the amendatory act, referred to supra, do not make the charges of the official stenographer of the city court of Madison a part of the costs in criminal cases. They merely afford the defendant a permissive right to demand and obtain from the stenographer a transcript of the evidence, etc., delivered on the trial, provided he or his attorney pays therefor. Not being costs, the relator had no right to secure the transcript and have the amount due the stenographer for making it taxed as costs, to be paid after final trial by the losing party. Nor, independently of this act, is there any general law so authorizing. In this case, the stenographer correctly asserts: "There is no law that required Mr. Few [attorney for the relator] to use my transcript. If he did not desire to pay for it, he could have taken notes at the trial and made his brief from the notes. Certainly he can not secure my services, contrary to my wishes, without paying what I am legally entitled to."

As we have stated, independently of the amendatory statute, there is no law which would entitle the relator to obtain a transcript without payment therefor. As the statute in no way obstructs or affects any independent right he may have, the attacks

he makes on its constitutionality raise no question for decision. The court rightly dismissed the petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*