## 6571. McClain v. Georgian Company.

Russell, C. J.  1. Where one person agrees to become agent for another, and to take from him and pay for certain goods at a certain price, and simultaneously and without further consideration a third person signs an agreement annexed to the contract between the primary parties, in which he promises as follows: "For valid consideration, we hereby agree to the faithful performance of the above agreement by [the agent], and assume responsibility for any indebtedness incurred by him to the [principal] during the life of this agreement," held, that as to the indebtedness the third person is a surety, and not a guarantor. Fields v. Willis, 123 Ga. 272 (51 S. E. 280); Watters v. Hertz, 135 Ga. 804 (70 S. E. 338). An insurer of the debt is a surety; a guarantor is an insurer of the solvency of the principal debtor or of his ability to pay. Saint v. Wheeler, 95 Ala. 362 (10 So. 539, 36 Am. St. R. 210); Notes to Deering v. Mortell, 16 L. R. A. (N. S.) 365 (21 S. D. 159, 110 N. W. 86).

2. Parol evidence is admissible to show whether a contract of the nature of that set forth in the preceding headnote is one of suretyship or of guaranty. Maril v. Boswell, 12 Ga. App. 41 (76 S. E. 773)

3. A corporation may acquire a trade or colloquial name. A contract made with the corporation in the trade or colloquial name may be sued on by it in its true corporate name. 1 Cook on Corporations (6th ed.), § 15, p. 84.

4. Where an instrument is sued on, its execution need not be proved, unless denied by a plea of non est factum.

5. No reversible error appears.          *Judgment affirmed.*

Decided February 17, 1916.

Complaint; from municipal court of Atlanta. April 19, 1915.

Carl B. Copeland, W. I. Heyward, for plaintiff in error.

P. C. McDuffie, Dillon & Burress, contra.