*S. P. New, solicitor,* contra.

---

### 6789, 6790.  GERMAN ALLIANCE INSURANCE COMPANY *v.* HAWES (two cases).

1. In an action of complaint on an insurance policy the defendant filed a plea in abatement, and, upon issue being joined and after hearing evidence, the court directed a verdict in favor of the plaintiff and against the plea. The defendant made a motion for a new trial, which was refused, and the defendant sued out a bill of exceptions to this court. At the same term of the court the main case was also tried, resulting in a verdict for the plaintiff. A motion for a new trial was made by the defendant and overruled, and another bill of exceptions was sued out to this court. The record discloses that the motions for new trials in both the plea-in-abatement issue and in the main case were heard and overruled on the same day. It further appears from the record that the main case is no longer pending in the court below, but is now pending in this court for review—No. 6790, and that the records in the two bills of exceptions, taken together, will enable this court to ascertain and decide all the questions involved in the trial of the case in the court below, and in the exceptions pending in this court. Instead, therefore, of dismissing the first-mentioned bill of exceptions, and directing that it be filed in the court below as exceptions pendente lite, it is consolidated with the other and main bill of exceptions, and they will be considered together. Under these circumstances, however (the judgment below being reversed), the defendant in error will not be taxed with the costs of bringing up more than one bill of exceptions.

2. When a suit is dismissed, and the plaintiff thereafter desires to recommence it, he can do so only by paying the accrued costs of the dismissed action, or by filing an affidavit in forma pauperis. Civil Code, §§ 5625, 5626. A failure in this respect furnishes ground for a plea in abatement. *White* v. *Bryant,* 136 *Ga.* 443 (1).

3. The undisputed evidence in this case shows that the plaintiff did not pay all of the accrued costs of his first action before the second one was brought, and therefore the court erred in not sustaining the plea in abatement.

4. The error in directing a verdict against the plea in abatement rendered the further proceedings in the case nugatory.

. DECIDED JUNE 23, 1916.  REHEARING DENIED JULY 18, 1916.

Action on insurance policy; from city court of Elberton—Judge Grogan. June 28, 1915.

*Smith, Hammond & Smith, W. D. Tutt,* for plaintiff in error.

*Z. B. Rogers,* contra.

BROYLES, J.   It clearly appears from the record that the actual accrued costs of the former suit, at the time of the commencement of the second suit, were in excess of $5, and that the attorney for the plaintiff in the court below knew of this fact when he paid, for the plaintiff, $5 for the said costs.   Although the clerk of the court recited in his receipt that he received the $5 in full of all costs due and accrued in the case, his testimony conclusively showed that the costs amounted to more than this sum, and that he so knew when he accepted the money.   The clerk testified that he did not require any more costs in the dismissed case than were paid to him:  "I told Mr. Rogers [the plaintiff's attorney] to pay me five dollars.   That was all I demanded, and it was paid before the new suit was filed.   I gave this receipt when the money was paid.   Z. B. Rogers was the plaintiff's attorney at the time the suit was filed.   He paid me the costs,—that is, gave me the check as plaintiff's attorney.   I did not require any more costs because Mr. Rogers did a good deal of work for me, such as copying, and always made copies of his suits, and I told him if he would pay five dollars that would satisfy me.  .  .   I did not really make any demand for any cost on Mr. Rogers.   He came into my office and told me he wanted to pay the cost of the suit, as he wanted to renew it.   I told him, since he had made the copy of the suit and done so much other work for me, that five dollars would satisfy me.   I did not mean that was all the costs.   The difference was just a matter between us.   This five dollars was all I charged, but, of course, it was not all I could have charged.   Mr. Rogers asked me what the cost of the old suit was.   I told him five dollars would satisfy me, because of the work he had done.   He went off and later brought me this check.   I accepted it, gave him a receipt, and then filed the renewal suit.   I never made any demand for cost accruing on issuing and serving these subpoenas.   I have no bill against Hawes for unpaid costs."   A. S. Hawes, the plaintiff, testified:  "When I gave Mr. Rogers this check for $5 to pay the costs of the dismissed suit I had no information about any further cost due or which might be due.   Mr. Rogers came to my office and said he wanted $5 to pay the cost of the dismissed suit.   This was the check I gave him.   I did not know there was any more cost in the suit.   I thought that was all.   Mr. Rogers told me $5 would cover the costs.   I had no further information about the matter.

I never looked to see what the costs were." Z. B. Rogers, the plaintiff's attorney, testified as follows: "On the day this old suit was dismissed I first went to Mr. Rucker, the clerk, and asked him what the cost of the dismissed suit was. He said $5 would satisfy him. I told him that it was not a personal matter and that I had no personal interest in it. He said $5 would satisfy him, so I went to Dr. Hawes and got this check and gave it to Mr. Rucker and took his receipt. I do not know whether the receipt was written by me or dictated by me. I did one or the other, and Mr. Rucker signed it. I then filed this new or renewal suit. I have been practicing law several years. I know that the cost of filing a suit was $2, copy and process was $2, dismissing suit was 75 cents, filing demurrer was 50 cents. I never gave it a thought as to how much cost had accrued. I simply asked Mr. Rucker what the cost was and paid it. I paid just what he required. I thought if I paid all he wanted, that was all that could be required, and never thought about any other cost that might be due. I was not interested in whether or not he had charged all he could charge."

The above evidence shows that, as a matter of fact, *all the accrued costs* of the dismissed suit had not been paid when the renewal suit was filed, and that this fact was known at the time by both the clerk of the court and counsel for the plaintiff below, and therefore the judge should have directed a verdict sustaining the plea in abatement. See *Holmes* v. *Huguley,* 136 *Ga.* 758 (72 S. E. 38). The cases of *Wilkins* v. *McMahan,* 8 *Ga. App.* 182 (68 S. E. 914), and *Maril* v. *Boswell,* 12 *Ga. App.* 41 (76 S. E. 773), are quite different in their facts from this case, and do not control it. In each of those cases it appeared that both the officer of the court and the plaintiff in good faith believed that the amount paid by the latter at the renewal of the suit was sufficient to pay all the accrued costs of the dismissed suit. It appears in the instant case that when the plaintiff gave the clerk of the court a check for $5 in payment of the costs of the dismissed case he was informed by the clerk that this amount would satisfy him, but not that it would pay *all* of the accrued costs; and it further appears, from the testimony of the plaintiff's attorney, that he was familiar with the different items of cost, and knew that the $5 was not enough to pay all the costs which had accrued in the former suit. As was

said by the Supreme Court in *Wright* v. *Jett,* 120 *Ga.* 995, 1001 (48 S. E. 345) : "The evident intent of our statute is to prevent the harassing renewal of a suit which the plaintiff has, after calling upon the defendant to appear in court and defend it, elected to dismiss for some reasons, good or otherwise. And the condition imposed upon him as to the payment of costs, before renewing his action, is in the nature of a penalty for not being ready and willing to ·press his original suit to a hearing upon its merits. . . . A plaintiff may arbitrarily and over the protest of the defendant dismiss a suit, his reasons for dismissing it can not be inquired into by the court; but he must in any event pay for this privilege, and can not, without first making payment of the costs of that suit, exercise his conditional statutory right to renew it." Since, as just stated, this requirement as to the payment of accrued costs is in the nature of a penalty imposed upon a plaintiff who has dismissed a former cause and is seeking to renew it, it is no compliance with the statute to pay a part only of the accrued costs, although the officers of the court may state to the plaintiff or his attorney that they are satisfied with such payment, and do not demand the payment of the entire costs. If officers of the court could remit any part of their costs, thereby relieving the plaintiff of part of the penalty which the statute imposes, they could as well remit their entire bill of costs, and thus completely nullify the statute. The judgment is reversed with direction that the plaintiff in error pay the costs of bringing up the bill of exceptions in case No. 6789. *Judgment reversed, with direction.*