18447. GHEESLING *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

DECIDED AUGUST 29, 1928.

*Allen & Pottle, C. A. Giles,* for plaintiff.
*Jones, Jones & Johnston, Hines & Carpenter,* for defendants.

STEPHENS, J. J. T. Gheesling brought an action against the Louisville & Nashville Railroad Company to recover damages for alleged loss of freight. The defendant filed a plea in abatement, alleging that the present suit was a renewal of a former suit for the same cause of action by the plaintiff against the defendant, which had been dismissed, and that the present suit had been instituted and filed without payment by the plaintiff of the costs which had accrued in the former suit, and that by reason of the

nonpayment of costs the present suit could not lie and should be abated.

It appeared, without dispute, from the evidence introduced upon the trial of the issue made on the plea in abatement, that the costs in the former suit, which had been dismissed before the institution of the present suit, had not been paid, except in so far as an arrangement between the attorney for the plaintiff and the justice of the peace and the constable of the justice's court in which the former suit was filed may have constituted a payment of the costs in this case which had accrued in that court. The justice of the peace testified that he stayed in the office of the plaintiff's attorney, that the attorney did most of the writing for the witness and prepared papers for him, that the attorney would not accept any pay for this work and would not accept pay from the witness for office rent, that the witness would not have accepted any costs from the attorney in this case, that the witness considered the costs paid, that it was understood that no costs should be paid by the attorney in cases brought by the attorney to the court over which the witness presided as justice of the peace. The constable testified that in the former suit he perfected service on the defendant, and that while his costs were not paid in money, he considered them paid, that the attorney for the plaintiff would write entries of service upon papers for him, and would also write all his sales advertisements and levies, that the attorney would receive no pay for this work, and the witness would not permit the attorney to pay him any court costs.

On direction of the court the jury found for the defendant on the plea in abatement. No motion for a new trial was made, and the plaintiff brought the case to this court on a direct bill of exceptions.

As provided in § 5625 of the Civil Code of 1910, it is essential to the plaintiff's right to a recommencement of his suit, after a dismissal, that the accrued costs in the former suit be paid.

While it might be assumed, although in *German Alliance Insurance Co.* v. *Hawes,* 18 *Ga. App.* 338 (89 S. E. 527), it is seemingly held to the contrary, that the court costs, in so far as they represent fees which the officers of court can collect for legal services performed, could be paid and discharged by being offset with a claim against the officer in favor of the party liable for the costs or

his attorney, it does not necessarily follow that the court costs in a particular case could be discharged and paid by a general agreement and understanding between a justice of the peace and his bailiff on the one hand, and a practicing attorney on the other, that, by reason of services, such as preparing papers and entries of service, etc., for these officers, and furnishing them with office space by the attorney, these officers will not charge the attorney or his clients any court costs in cases which the attorney might institute in the court in which these officers serve. Such a general arrangement between the officers on one hand and the attorney on the other is indefinite as to the services to be performed by the respective parties. The value of the services performed by one party to the arrangement might, during a certain period of time, be greatly in excess of, and during another period of time considerably less than, the value of the reciprocal services performed by the other party. Under an arrangement whereby a judicial officer, such as a justice of the peace, will not collect court costs chargeable against the plaintiffs in cases brought to that court by the attorney, the officer is exposed to a temptation, in all cases brought by the attorney, to decide in favor of the plaintiffs and thereby collect his costs out of the defendants. An arrangement which tempts a judicial officer to render a decision otherwise than according to the justice of the case is vicious and is calculated to defeat justice. Such an arrangement is against public policy and will not be enforced by the courts. While this criticism might be urged against the fee system generally as legally recognized, in so far as it applies to judicial officers, the legal recognition of a system which is susceptible to such a criticism is no justification for sustaining a similarly objectionable arrangement which has no expressed legal warrant or recognition.

We are of the opinion that the court properly directed the jury to find in favor of the defendant's plea in abatement.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*