70288. ALLIED PRODUCTS COMPANY v. GREEN.
70289. ALLIED PRODUCTS COMPANY v. TOLIVER.
(334 SE2d 389)

BENHAM, Judge.

Appellees Green and Toliver filed separate tort suits against appellant Allied Products Company. When each appellee failed to respond to interrogatories propounded by Allied, the trial court, acting on Allied's motion, imposed sanctions of $100 each pursuant to OCGA § 9-11-37 (d) (1). After the imposition of sanctions, each appellee voluntarily dismissed his lawsuit and refiled within six months. OCGA § 9-2-61 (a). However, in neither case was the $100 sanction paid prior to refiling. Allied filed a dismissal/summary judgment motion in each case, contending that the $100 sanction imposed was a court cost of the previously dismissed action, which cost had to be paid prior to refiling the lawsuit. OCGA § 9-11-41 (d); *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). We granted interlocutory review of the trial court's denial of appellant's motions.

OCGA § 9-11-37 (d) (1) empowers a trial court to require a party failing to respond to interrogatories to pay "the reasonable *expenses*, including attorney's fees, caused by the failure [to respond to the interrogatories]." (Emphasis supplied.) "The term '*costs*,' as applied to proceedings in a Court of Justice, has, in the acceptation of the profession, and by the practice of all Courts in Georgia, a well under-

stood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause." *Davis v. State of Ga.*, 33 Ga. 531, 533 (1863). Not all expenses incurred by a party are regarded as costs. See *Stone Mtn. Mem. Assn. v. Stone Mtn. Scenic R.*, 232 Ga. 92, 94 (205 SE2d 293) (1974). The Supreme Court has specifically held that "expenses in discovery are not taxed as costs . . ." *City of Atlanta v. Intl. Assn. of Firefighters &c.*, 240 Ga. 24 (4b) (239 SE2d 353) (1977). In light of the above authority, we conclude that a monetary sanction imposed under OCGA § 9-11-37 (d) does not constitute a court cost which must be paid before a plaintiff refiles an action he previously dismissed. OCGA § 9-11-41 (d).

Appellant suggests that the decision in *Williams v. Holland*, 9 Ga. App. 494 (71 SE 760) (1911), is analogous to the case at bar. In *Williams*, the plaintiff paid the clerk and sheriff "such portion of the costs as had not been previously paid to them by the defendant," but made no payment or tender to the defendant of the costs which the defendant had paid in the earlier proceeding. The *Williams* court held that all costs, whether due to court officers or the opposite party, had to be paid before the commencement of the second suit. We agree with the *Williams* holding and do not find it analogous to the present situation where payment of an expense, not a cost, is at issue.

Our decision in these cases is in no way to be interpreted as an endorsement of appellees' abuse of the discovery rules, and should not be viewed as a means of avoiding sanctions imposed for such abuse. Our holding is that the failure of appellees to pay the sanctions does not merit dismissal of their timely recommenced actions.

*Judgments affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1985.

*Earle B. May, Jr., John I. Spangler III*, for appellant.
*Oddie Richard*, for appellees.