A89A1414. KAPPELMEIER v. AMOCO FABRICS et al.

(385 SE2d 2)

DEEN, Presiding Judge.

The appellant, Gottfried Kappelmeier, originally sued the appellees in the United States District Court for the Northern District of Georgia, asserting claims for breach of contract, negligence, and restraint of trade. Kappelmeier moved for leave to voluntarily dismiss the federal suit without prejudice, and the district court granted that motion subject to the condition that before he could reassert the claims brought in that action, or assert any claims arising out of the same facts, in that court or any other court, Kappelmeier had to pay the attorney fees incurred by the defendants in the federal action. Kappelmeier subsequently commenced this action in the state court, asserting the same claim and based on the same facts, without having paid the attorney fees incurred by the appellees in defending the federal suit, and the trial court dismissed the action because of that failure. This appeal followed. *Held*:

OCGA § 9-11-41 (d) provides that "[i]f a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." Generally, such payment of costs is a jurisdictional precondition to the filing of a new suit, and the failure to do so makes dismissal or summary judgment for the defendant appropriate. *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). See also *Cox v. Fillingim*, 184 Ga. App. 205 (361 SE2d 65) (1987).

Kappelmeier contends that attorney fees are not "costs," thus rendering OCGA § 9-11-41 (d) inapposite. "The general rule is that attorney fees are not included in the term 'costs' or 'expenses' in the absence of some statutory provision, rule of court, or by contract of the parties. 20 AmJur2d 58, Costs, § 72." *Bowers v. Fulton County*, 227 Ga. 814, 816 (183 SE2d 347) (1971). See also *Allied Prods. Co. v. Green*, 175 Ga. App. 802 (334 SE2d 389) (1985). Under Fed. R. Civ. P. Rule 41 (a), the district court was authorized to condition the grant of Kappelmeier's motion for voluntary dismissal without prejudice upon Kappelmeier's paying the defendants' attorney fees prior to refiling the action in any court. In so conditioning the voluntary dismissal, of Kappelmeier's federal suit, the district court, in effect, by use of that rule made payment of the defendants' attorney fees part of the "costs." For purposes of Rule 41 (a), "[c]osts may include all litigation-related expenses incurred by the defendant, including reasonable

attorneys' fees." *McCants v. Ford Motor Co.*, 781 F2d 855, 860 (11th Cir. 1986). Since it was undisputed that Kappelmeier had not paid any of the defendants' attorney fees from the prior federal suit, the trial court did not err in dismissing his present state court action.

Kappelmeier also contends that dismissal was inappropriate because the federal district court's order did not limit his liability for attorney fees to the amount which was for work that would not be useful in the defense of a subsequent suit. "Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." *McCants v. Ford Motor Co.*, supra at 860. See also *Cauley v. Wilson*, 754 F2d 769 (7th Cir. 1985). However, Kappelmeier sought no appeal from the district court's non-limited order, and this court cannot modify it.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 18, 1989 —

Gottfried Kappelmeier, *pro se.*
Long, Weinberg, Ansley & Wheeler, Dan B. Wingate, for appellees.