A07A1361. BARTELT et al. v. CONVERGENCE.COM
CORPORATION et al.
(652 SE2d 897)

RUFFIN, Judge.

After Tara Bartelt and several others (collectively, "the plaintiffs") filed suit against Convergence.com Corporation and C-Cor.Net, the trial court granted summary judgment to the defendants. At the defendants' request, the trial court issued a post-judgment order, taxing certain costs, including deposition costs, against the plaintiffs. On appeal, the plaintiffs contend that the trial court erred in requiring them to pay the deposition costs. As we agree that deposition costs are not properly awarded pursuant to OCGA §§ 9-11-54 (d) and 9-15-11, we reverse.

After obtaining summary judgment, the defendants moved to tax costs pursuant to OCGA §§ 9-11-54 (d) and 9-15-11. Specifically, the defendants sought payment of deposition costs, affidavit costs, travel costs, copy costs, and postage costs. The trial court awarded solely those costs for depositions. However, "[n]ot all expenses incurred by a party are regarded as costs."[1] Rather, costs are generally limited to those "charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause."[2] And, in *City of Atlanta v. Intl. Assn. of Firefighters, Local 134,*[3] our Supreme Court expressly held that the term "costs" does not include deposition costs for purposes of those costs assessed against a losing party in a civil matter.[4]

---

[1] *Allied Products Co. v. Green,* 175 Ga. App. 802, 803 (334 SE2d 389) (1985).

[2] (Punctuation omitted.) Id.

[3] 240 Ga. 24 (239 SE2d 353) (1977).

[4] See id. at 26 (4) (b). We do not address whether deposition costs may be considered "expenses of litigation" assessed for frivolous actions and defenses in accordance with OCGA § 9-15-14 as the defendants did not seek payment under this Code section.

The defendants argue that the *City of Atlanta* case may be factually distinguished as it "considered the narrow issue of which costs should be assessed in favor of the prevailing party in a contempt proceeding." This, however, is a distinction without a difference. The Supreme Court in *City of Atlanta* construed the predecessor statute to OCGA § 9-15-1, which applies to "all civil cases in any of the courts of this state." Under these circumstances, we see no basis for limiting the holding in the Supreme Court case to contempt actions. It follows that the trial court erred in assessing the costs of depositions against the plaintiffs.[5]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 19, 2007.

*Davidson & Fuller, Stephen P. Fuller*, for appellants.
*Alston & Bird, Peter Q. Bassett, Kelly C. Wilcove*, for appellees.