## SWEENEY *v.* MALLOY.

Where, upon the dismissal by the plaintiff of an equitable action under which a receiver had been appointed to take charge of real estate claimed by the plaintiff and held by the defendant, the court adjudged that the defendant recover of the plaintiff "all the costs and expenses which have been taxed against the funds in the hands of the receiver," and at the same time passed an order directing the receiver to turn over to the defendant the corpus of the property in dispute and also a specified sum which he had received as rents of the same while in his hands, less the costs and expenses of the case, including his compensation; and where the entire fund in his hands was not enough to more than pay these costs and expenses, so that the defendant received nothing from him, it was, under section 5043 of the Civil Code, incumbent upon the plaintiff, before undertaking to recommence the action, to pay to the defendant a sum equal to that in the receiver's hands which was disposed of as above stated, and also to settle the balance, if any, of the costs in the case which remained unpaid. The foregoing is true although the defendant was insolvent at the time the plaintiff filed a second petition for the purpose of renewing his original action.

Argued February 13,—Decided March 18, 1899.

Equitable petition. Before Judge Felton. Bibb superior court. November term, 1897.

*John I. Hall, J. L. Hardeman* and *Estes & Jones,* for plaintiff. *Anderson, Anderson & Grace,* for defendant.

LUMPKIN, P. J. An equitable action was brought by Myles. Sweeney against Mary Malloy, for the recovery of certain real estate in her possession to which he claimed title. Under his petition a receiver was appointed to take possession of the property in dispute, and while the same was in his hands he collected as rents thereon the sum of $300. At this stage of the proceedings, the plaintiff voluntarily dismissed his action, and thereupon the court entered a judgment by which it was, among other things, adjudged " that the defendant, Mary Malloy, do have and recover of the plaintiff, Myles Sweeney, all the costs and expenses which have been taxed against the funds. in the hands of the receiver, all of which are particularly shown by the order of the court granted contemporaneously herewith distributing assets in the hands of the receiver." The order referred to directed that the receiver turn over to the defendant, Mary Malloy, from whose possession he had received the

same, the property in controversy, and also that he pay over
to her the sum in his hands realized from rents, to wit, "three
hundred dollars, less the costs and expenses of said case, namely,
($132.05) one hundred and thirty-two dollars and five cents,
clerk's and sheriff's costs, and......... .....dollars for the re-
ceiver's compensation, for which amounts a judgment over has
been this day rendered by the court in favor of the said Mary
Malloy against the said Myles Sweeney." Subsequently this
last order was amended by another, reciting that the blank for
inserting the amount of the receiver's fees had by an oversight
been left unfilled, and directing that the order previously passed
be amended by inserting in this blank the words "two hun-
dred." It will thus be seen that, under the orders passed by
the court, there was no net sum left in the receiver's hands to
be turned over to Mary Malloy. On the contrary, the $300
held by him lacked $32.05 of being enough to pay his fees and
the costs due the clerk and sheriff. Apparently, however,
these officers accepted the three hundred dollars in full settle-
ment of their respective claims; for the record discloses that
both of the parties to the present case admitted that the receiver,
when the former suit was dismissed, " had in his hands certain
monies which had arisen from rents of the property in dispute,
from which rents he paid the officers of court the costs, in-
cluding the receiver's fees."

The plaintiff, after the dismissal of his suit, filed against the
defendant another petition setting forth identically the same
cause of action. At the appearance term of this second action,
the defendant filed a plea in abatement, in which she alleged
that the plaintiff had never paid to her the costs and expenses
of his first suit, and praying that the present proceeding be
abated accordingly. This plea was demurred to, the demurrer
was overruled, and a trial had on the defendant's plea, which
resulted in a verdict in her favor. Thereupon the plaintiff's
action was dismissed. The bill of exceptions brought to this
court alleges error in refusing to sustain the plaintiff's demur-
rer to the plea in abatement and in overruling his motion for a
new trial. One ground of this motion complains that the court
refused to allow him to introduce evidence showing that Mary

Malloy was insolvent.   The proper disposition of the case depends upon whether or not section 5043 of the Civil Code 'is applicable to the facts above disclosed.   This section makes the payment of the costs due upon a dismissed action a condition precedent to the recommencement of the same.   It is obvious that Sweeney has never paid the costs of his former suit, unless, as his counsel contend, the money in the receiver's hands belonged to Sweeney.   Whether it did or not was one of the issues which would have been determined if the original action had been tried upon its merits.   As the case was dismissed without a trial of this issue, it certainly would not do to arbitrarily assume that this fund did in fact belong to Sweeney.   When he dismissed his first suit, it followed as an inevitable legal consequence that the court should order the receiver to restore to the possession of the defendant the real estate in controversy. It would also have been eminently proper for the court to direct the receiver to turn over to Mary Malloy the money in his hands arising from the rents of the property, and to further adjudge that the costs of the proceeding be paid by the plaintiff. In that event, the latter would have occupied no better nor worse status than that in which he was prior to the commencement of the litigation.   While he would not, had this been done, have been cut off from renewing his action, he certainly could not properly have claimed that his ownership of the fund in the receiver's hands was established; his alleged right thereto not having been adjudicated.   That is to say, if the receiver had turned this fund over to Mary Malloy, she would have been liable to account therefor as a portion of the mesne profits enjoyed by her while holding adversely to the plaintiff, in the event he prevailed on the trial of an action subsequently brought against her; but until his right to the fund in question had been thus established, it could not, in any legal sense, be regarded as belonging to him.

As has been seen, however, the court did not direct the receiver absolutely to pay this fund over to the defendant, but, on the contrary, charged it with the payment of the costs and expenses of the litigation, amounting to $32.05 more than the fund itself.   Accordingly, she received no part of the same

from the receiver. As, in legal contemplation, she was entitled to receive this fund but for the direction last mentioned, it was, in effect, compelling her to pay the costs out of a fund which, in a sense at least, was, under the action taken by the court, her own. Construing all together the judgment and the orders entered in the original case, it was practically adjudicated that Mary Malloy was entitled to this money, but that the same should be used in payment of costs and expenses, she to be reimbursed therefor by an enforcement of the judgment in her favor against Sweeney. If this be true, he has never paid the costs of his former proceeding to anybody, and the above-cited section of the code imposes upon him the obligation of paying these costs in full before he can maintain a second action. In other words, he had no right to renew his original suit without first paying all the costs and expenses which had accrued therein. To whom should he pay them? Obviously, to the person to whom the court adjudicated he should pay them, viz. Mary Malloy. While it is true that this court, in *Stirk* v. *Central Railroad Co.*, 79 *Ga.* 495, expressed the view that the provision of law as to the payment of costs before renewing an action was intended "for the benefit of the officers of court, and not that of the defendant," it is to be remarked that the court recognized the right of a defendant, if he "desires to set up failure to pay costs, [to] do so by plea in abatement at the first term." It appeared in that case that no such plea had been filed, and the complaint urged was "that the court below permitted the plaintiff to pay the costs in the former case while the latter case was pending." All the court really decided was, that as the defendant in the particular instance was not liable in any event to pay the costs, no substantial right of his was affected by the ruling complained of.

In the case now before us, it is to be noted that the defendant pursued the proper course by filing a timely plea in abatement and insisting that the plaintiff had no right to maintain his action without paying to her the costs which, under the judgment rendered in his former suit, she was entitled to receive. As she was required, in effect, to advance money

with which to pay these costs, it would be a hardship upon her and a denial of a substantial right to hold that she had no personal interest in the matter.　Indeed, she is not standing upon a mere technicality, or asserting that it may not be overcome by a substantial compliance on the part of the plaintiff with the terms of our statute as to the payment of costs. He has made no offer whatever to comply with the mandate of the statute, and contends that he is under no duty to do so, whereas she insists to the contrary and calls upon him for payment of the costs which it has been formally adjudged she has a right to demand.　Under our system, judgments for costs are rendered against the losing and in favor of the prevailing party, primarily for the use of the officers of court, they not being parties to the litigation.　In other words, the courts adjudge that the party in whose favor the case is decided shall be the channel, as it were, through whom the officers shall receive their compensation.　Certainly, then, when, as in the present case, the defendant is compelled to advance the costs, there is no reason in principle or in justice why she should not be reimbursed, as the court in passing its order contemplated, before the plaintiff is permitted to renew his suit.　That the officers of court have thus received the money due to them will not have the effect of satisfying the judgment for costs rendered in the defendant's favor, with the terms of which judgment the plaintiff is bound to comply as a condition precedent to a second action.　We therefore hold that it was essential to the maintenance of the suit now sought to be prosecuted by Sweeney that he should pay to Mary Malloy the sum of $300.　If the $32.05, the balance of the amount taxed as costs and receiver's fees has never been paid, he must also pay this amount; but if, by an arrangement among the officers, the $300 in the receiver's hands was accepted in full settlement of the whole amount of $332.05 due them, payment of the balance of-$32.05 will not be requisite.

The only remaining question to be disposed of is whether or not the insolvency of Mary Malloy, had the plaintiff been allowed to prove the same, would alter the rule herein laid down.　We think not.　The statute makes no exception on

the ground of insolvency, but imperatively declares that before renewing a dismissed action the plaintiff must pay the costs which accrued therein.

<em>Judgment affirmed. All the Justices concurring.</em>