JOHNSON *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Under the Civil Code, § 5043, payment of costs was a condition to the right to maintain a new suit where there had been a previous dismissal or nonsuit.

2. Inability to pay was no answer to a plea, filed at the first term, that the suit should be abated because the costs had not been paid.

3. Under the act of December 18, 1901, where the pauper affidavit is relied on as a substitute for the payment of costs, such affidavit must be filed at the time of the commencement of the second suit.

4. The case was nonsuited on July 19, 1901, and recommenced on December 24, 1901, and whether governed by the Civil Code, § 5043, or the act of December 18, 1901, the plea in abatement was properly sustained, it appearing that the costs were not paid, and that the pauper affidavit was not filed at the time of the commencement of the second suit.

Argued November 26, — Decided December 10, 1903.

Action for damages.     Before Judge Lewis.     Baldwin superior court.     July 13, 1903.

A nonsuit was granted at the July term, 1901.     On December 24, 1901, the plaintiff recommenced his suit.     On January 17, 1902, the defendant filed a plea in abatement, on the ground that the costs had not been paid prior to the institution of the second suit, nor had the plaintiff filed "with his petition an affidavit that he is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case," as provided by the act of December 18, 1901 (Acts 1901, p. 80), which was of force at the time of the commencement of the second suit.     On July 10, 1902, before the call of the case for trial, Johnson filed a pauper affidavit, setting out his inability, from poverty, to pay the costs. The jury found in favor of the special plea, and the case was ordered dismissed.     The plaintiff excepted.

*D. B. Sanford* and *D. S. Sanford*, for plaintiff.
*Lawton & Cunningham* and *Allen & Pottle*, for defendant.

LAMAR, J.     In the decisions in *City of Atlanta* v. *Wilson*, 70 *Ga.* 714, *Stirk* v. *Central R. Co.*, 79 *Ga.* 497, *Langston* v. *Marks*, 68 *Ga.* 436, and *Sweeney* v. *Malloy*, 107 *Ga.* 80, construing the Civil Code, § 5043, it was held that the payment of costs was a condition precedent to the right to maintain a suit which had previously been dismissed or nonsuited, and that there was no

provision of law for recommencing an action by filing a pauper affidavit. If, therefore, the case is to be determined according to the law of force when the suit was originally nonsuited, the plea in abatement filed at the first term was properly sustained. If it be governed by the provisions of the act of December 18, 1901, the same result follows, since the plaintiff did not, at the time of instituting the second suit, file the affidavit required by that statute.        *Judgment affirmed.    All the Justices concur.*