972. SPARKS IMPROVEMENT COMPANY *v.* JONES.

1. The defendant can raise the point that the plaintiff has recommenced an action previously dismissed, without paying the costs of the former suit, only by a timely plea in abatement.
2. Material amendments to a party's pleadings, made pending the trial, may entitle the opposite party to a continuance or postponement of the case, if a motion for that purpose be duly presented. In the present case the court did not err in overruling the defendant's motion.
3. Except where the statute of frauds prevents, parol evidence is admissible to show that a written agreement, since its execution, has been enlarged, diminished, altered, or abrogated, by mutual consent of the parties.
4. Grounds of a motion for a new trial, assigning error in the admission or rejection of testimony, should be complete within themselves.

Complaint, from city court of Nashville—Judge Peeples. January 10, 1908.

Submitted February 25,—Decided March 16, 1908. · ·

*Hendricks & Christian,* for plaintiff in error.

*Buie & Knight,* contra.

POWELL, J. That the plaintiff recommences an action previously dismissed without the payment of the costs of the first suit is not a matter affecting the merits of the controversy; it is matter of abatement only. To raise any issue upon this question, the defendant must file a timely formal plea in abatement. Such pleas must be filed under oath at the first term. *Stirk* v. *Central Ry. Co.,* 79 *Ga.* 495 (5 S. E. 105); *Sweeney* v. *Malloy,* 107 *Ga.* 80 (32 S. E. 858); *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345); *Board of Education* v. *Kelley,* 126 *Ga.* 479 (55 S. E. 238). The case having resulted favorably to the plaintiff, grounds of error assigned by the defendant upon the manner in which the question as to whether the costs of the first suit were in fact paid are wholly immaterial, there having been no plea in abatement filed.

2. Material amendments to the pleadings, made pending trial, may entitle the defendant to a continuance upon the ground of surprise. In such cases the party should formally move the court for a continuance; and declare that he is surprised and less ready to proceed with the trial; whereupon the court, looking to the nature of the amendment and to all the history of the case, should exercise a sound discretion in refusing or granting a postponement

or continuance. Such a discretion is reviewable; and in this case no abuse appears.

3. Suit on account may be maintained for goods furnished or work done, though the original agreement whereon the goods were furnished or the work was done may be evidenced by a written con-tract. *Chapman* v. *Conwell*, 1 *Ga. App.* 212 (58 S. E. 137). Parol evidence is admissible to show that the terms of a written con-tract have been changed by mutual consent of the parties since its execution, except so far as the statute of frauds may prevent such changes; and in this case the contract having been fully performed, any exception made by the statute of frauds is not applicable. *Rogers* v. *Atkinson*, 1 *Ga.* 12; *Jones* v. *Grantham*, 80 *Ga.* 472 (5 S. E. 764) ; *Augusta Southern Ry. Co.* v. *Smith*, 106 *Ga.* 864 (33 S. E. 28), and cit.

4. Usually, grounds of a motion for new trial must be complete within themselves, and must not require reference to other por-tions of the record to complete them or to show the error com-plained of. While the trial court or the reviewing court may look to other portions of the record, and therefrom hold that an error duly assigned in a ground of a motion is not, in the light of all the facts, cause for new trial, this in no wise relaxes the requirement that the movant must present his grounds completely within them-selves. This rule has been applied by the Supreme Court and by this court so often that no citation of authority is necessary. Many of the grounds of the motion for new trial now under review are defective in this respect. Upon a careful consideration of the whole case we find that a just verdict has been rendered, fully sup-ported by evidence, and that no reversible error is shown; therefore the judgment is                                                   *Affirmed.*