### 1153.  McLAURIN *v.* FIELDS.

1. Where a defendant files both a general demurrer and a plea in abatement, the trial judge may consider either first, as he deems proper.
2. A plaintiff who has dismissed a suit must, before bringing a second suit for the same cause of action, either pay the costs of the former suit or file a pauper affidavit stating that he is unable, on account of his poverty, to pay the costs. Where there is a failure to do either, a plea in abatement upon that ground should be sustained.
3. Defendants, as well as the officers of courts, have a substantial interest in the payment of the costs of the prior suit. That a clerk of a city court agreed to consider as paid the costs in the suit which was dismissed and to release the plaintiff from all liability for the costs, upon the obligation therefor being assumed by another person, is not a sufficient compliance with the provisions of the law which require the payment of the costs as a prerequisite to the filing of a second suit for the same cause of action. Especially is this true where a portion of the costs was due to the sheriff, and it was not shown that the clerk had authority in behalf of the sheriff to accept payment otherwise than in money. The case is not altered by reason of the fact that the plaintiff's counsel offered to give a check in payment of the costs.

Complaint, from city court of Blakely—Judge Jordan. April 20, 1908.

Submitted July 2,—Decided August 4, 1908.

*Pottle & Glessner,* for plaintiff in error.

*Park & Collins,* contra.

RUSSELL, J. Fields brought suit against McLaurin, alleging the breach of a contract. The defendant, in addition to an answer to the plaintiff's petition, had filed a demurrer and a plea in abatement. When the case was called for trial the defendant invoked the ruling of the court first upon his demurrer, but the court declined to rule first upon the demurrer, and forced him to trial upon the plea in abatement. After hearing the evidence upon this plea, the court directed the jury to find against the plea in abatement. The court then overruled the defendant's demurrer and proceeded with the trial, which resulted in a verdict in favor of the plaintiff. The defendant filed exceptions pendente lite to the ruling of the court in directing the verdict in favor of the plaintiff on the issue raised by the plea in abatement, as well as to the judgment overruling his demurrer, and assigns error thereon and upon the judgment overruling his motion for new trial.

1. We find no error in the action of the court in submitting

to the jury, before ruling upon the demurrer, the issue raised by the plea in abatement. A trial judge may either consider a general demurrer first or give precedence to a plea in abatement, at his option. The determination of either may effectuate a complete disposition of the case without a trial upon the merits. In the present case, if the judge had sustained the general demurrer, or if the issue on the plea in abatement had been found in favor of the defendant, either would have prevented the necessity of a trial of the case by a jury upon its merits.

2. We think the judge erred in directing the jury to return a verdict in favor of the plaintiff on the issue raised by the plea in abatement. The issue was whether the plaintiff, who had filed a previous suit upon identically the same cause of action, had paid the costs before filing this second suit. The evidence did not authorize a finding that he had done so. While the Civil Code, §5043, provides that where a plaintiff has been nonsuited, or his suit dismissed or discontinued, he may recommence it on payment of costs, that section has been so construed by the Supreme Court as that he must actually pay the costs of the first suit before filing the second, as an indispensable prerequisite to the life of the second suit. It seems at one time to have been the opinion of the Supreme Court, as expressed in *City of Atlanta* v. *Wilson,* 70 *Ga.* 714, and in *Stirk* v. *Central R. Co.,* 79 *Ga.* 495, that the code provision requiring the plaintiff to pay the costs was for the benefit of the officers of court, and that payment of the costs might be allowed even at the time of the trial of the second suit brought upon the original cause of action. This doctrine has, however, been expressly disapproved in later decisions; and upon the same line the General Assembly, in the act approved December 18, 1901, providing for the renewal of suits without the payment of costs, enacted that where "the plaintiff desires to recommence his suit, if he will make and file with his petition, summons or other proceedings, an affidavit in writing that he is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in said case," the plaintiff shall have the right to renew said suit without the payment of costs, etc. Thus it is plain that not only the judicial, but the legislative branch of our State government recognizes that, where an affidavit in forma pauperis is not afforded

44

as a substitute therefor, the costs must be paid before a suit dismissed can be renewed. That the costs have not thus been paid is good ground for timely plea in abatement; and indeed, in one of the earlier decisions, where the costs were allowed to be paid upon the trial of the second suit, it is noted that no plea in abatement had been filed.

3. There was no conflict in the evidence upon the trial of the issue raised by the plea in abatement. It was without dispute that one of the plaintiff's counsel, at the time that he carried to the clerk of the court the petition in the suit now under consideration and ascertained the amount of the costs in the prior suit, which he then ordered to be dismissed, offered to give the clerk a check for the costs. It seems that the clerk was about to close his office for the day's business, and, when the attorney asked him for a blank check, the clerk told him to hand him the check in the morning, the clerk's reason being, as stated, that he did not want to go into the other room, which he had locked up, to find a blank check. The clerk said, "We can attend to that to-morrow." Whereupon the counsel said, "I want it understood between us that the costs in that case are paid, and that there is a difference between you and me of that amount,—that it is a personal obligation that I owe you." The plaintiff's counsel then handed him the petition to file, and the clerk agreed to enter the case dismissed. It also appeared, from the evidence, that of the $4 costs due, $2 was cost due the clerk, and $2 was due to the sheriff. There was no evidence that the sheriff had authorized the clerk to permit the plaintiff's counsel to assume the payment of his costs, in lieu of paying money. Defendants, as well as the officers of courts, have a substantial interest in the payment of the costs of a prior suit. That a clerk of a city court agreed to consider as paid the costs in a suit which was dismissed, and to release the plaintiff from all liability for the costs, upon the obligation therefor being assumed by another person, is not a sufficient compliance with the provisions of the law which require the payment of the costs as a prerequisite to the filing of a second suit for the same cause of action. Especially is this true where a portion of the costs was due to the sheriff, and it was not shown that the clerk had authority in behalf of the sheriff to accept payment otherwise than in money. The case is not altered by reason of the fact

that the plaintiff's counsel offered to give a check in payment of the costs.

In the present case, no doubt, the clerk was perfectly willing to accept Mr. Collins' check, but in some instances the postponement of the acceptance of the check might be only a gentle way of declining it. As the costs were not paid, the verdict on the issue formed by the plea in abatement should have been in favor of the defendant. As this would have disposed of the present suit, all that occurred thereafter was nugatory, and it is, for that reason, unnecessary to pass upon the other questions raised by the record. That a plea in abatement should be sustained where the costs have not been actually paid, see *Langston* v. *Marks,* 68 *Ga.* 435; *Sweeney* v. *Malloy,* 107 *Ga.* 83 (32 S. E. 858); *Johnson* v. *Central Ry. Co.,* 119 *Ga.* 185 (45 S. E. 988); *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345), and *Board of Education of Tennille* v. *Kelley,* 126 *Ga.* 479 (55 S. E. 238).  *Judgment reversed.*