### BLAND *v.* BIRD *et al.*

HOLDEN, J.   1. Where in the certificate of the trial judge to the bill of exceptions it is erroneously ordered that the clerk transmit a copy of the record specified in the bill of exceptions to the Court of Appeals instead of to this court, which latter court has jurisdiction of the case, and the Court of Appeals has by proper order dismissed the case from its files and transmitted the bill of exceptions and record to this court, on the docket of which it has been entered, a motion to dismiss the bill of exceptions because of such error in the certificate will be denied. *Dawson* v. *State*, 130 *Ga.* 127 (60 S. E. 315).

2. Where a suit was nonsuited, a renewal thereof before the payment of the costs of the first suit, or the filing of an affidavit stating the inability of the plaintiff to pay such costs, affords good ground for abating the second suit. *Johnson* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 185 (45 S. E. 988); *Wright* v. *Jett*, 120 *Ga.* 995 (48 S. E. 345); *Board of Education of Tennille* v. *Kelley*, 126 *Ga.* 479 (55 S. E. 238).

(*a*) Where at the appearance term of the second suit such plea in abatement was filed without being sworn to by the defendants, and no objection was made to the plea at such term, when the plaintiff made objection to the plea at a subsequent term because it was not sworn to by defendants, the court committed no error in allowing defendants to cure the omission by making an affidavit swearing to the truth of the statements in the plea. *Norton* v. *Scruggs*, 108 *Ga.* 802 (34 S. E. 166); *Green* v. *Hambrick*, 118 *Ga.* 569 (45 S. E. 420); *Rodgers* v. *Caldwell*, 122 *Ga.* 279 (50 S. E. 95).

(*b*) The burden was upon the defendants to sustain such plea by proof; and a direction of a verdict in their favor upon such plea will be held to be error, where it does not appear from the record that there was anything before the court showing the truth of the statements in the plea.            *Judgment reversed.   All the Justices concur.*

FEBRUARY 19, 1910.

Complaint for land.    Before Judge Rawlings.    Bulloch superior court.    November 3, 1908.

*J. J. E. Anderson* and *G. S. Johnston*, for plaintiff.

*Brannen & Booth* and *H. B. Strange*, for defendants.