23398. SOUTHERN FLOUR & GRAIN COMPANY *v.* SIMMONS *et al.*

DECIDED SEPTEMBER 19, 1934.

*W. A. McClain, John D. Stewart,* for plaintiff.
*John F. Echols, G. Fred Kelley,* for defendants.

BROYLES, C. J. On July 8, 1929, the Southern Flour and Grain Company filed suit in the city court of Hall county against J. W. W. Simmons, Ed Rhodes and Glenn Puett doing "business under the partnership name of Puett, Rhodes and Simmons," upon an account for merchandise alleged to have been bought in October,

1926. At the time of the filing of that suit Simmons was a resident of Hall county, Puett a resident of DeKalb, and Rhodes a resident of Milton. Simmons (the resident defendant) filed a special plea alleging that the partnership "was dissolved in the year 1925, anterior to the date of the account sued on," and "that he was not a member of the partnership of Puett, Rhodes and Simmons at the time said account was made, and for that reason is not liable for said account." The jury found in favor of Simmons' special plea, and the verdict of the jury was made the judgment of the court. Puett and Rhodes (the nonresident defendants) did not appear or plead, and judgment was rendered against them. A levy was made on the property of Rhodes, who filed an affidavit of illegality which was dismissed by the judge of the city court of Hall county. This judgment of the city court of Hall county was reversed by the Court of Appeals. Before the remittitur of the Court of Appeals was made the judgment of the court below the plaintiff dismissed its original suit on account against all of the defendants. In August, 1932, and within six months from the dismissal of said suit, the plaintiff filed a new suit on the same account against the same parties, alleging that they "were partners operating under the business or firm of Puett, Rhodes and Simmons." This second suit was filed in the municipal court of Atlanta; the county of Milton, the residence of defendant Rhodes, having become a part of Fulton county since the filing of the first suit. Simmons demurred on the ground that the petition showed on its face that the cause of action had been adjudicated as to him, and a consent order sustaining the demurrer was signed by the judge of the municipal court of Atlanta. Rhodes demurred on the ground of no cause of action and on the ground that the cause was barred by the statute of limitations. Rhodes' demurrer was sustained and plaintiff appealed to the appellate division of the municipal court, which sustained the judgment of the trial court. The plaintiff carried the case by certiorari to the superior court, and the judge of the superior court overruled the certiorari. On this judgment the plaintiff assigns error.

The account sued on is alleged to have been incurred in October, 1926. The suit in the municipal court of Atlanta was filed in August, 1932. Was the statute of limitations tolled, under section 4381 of the Civil Code (1910), by the suit filed in the city court of

Hall county in July, 1929? We think not. Simmons was the only defendant who gave the city court of Hall county jurisdiction of the original suit. The other two defendants did not waive jurisdiction of the person by appearing or pleading in that court. In *Ford* v. *Clark*, 75 *Ga.* 612, it was held that "If one sues a partnership and is nonsuited, he can not recommence his action against one of the partners individually within six months after such nonsuit, so as to prevent the statute of limitations from attaching under § 2932 of the Code" (§ 4381 of the Code of 1910). Under this ruling it was necessary for the plaintiff, in order to maintain the second suit, to include therein the same defendants that he had in the first suit, and, although it had been judicially determined, in a court that had jurisdiction of Simmons, that Simmons was not a member of the partnership, and this judgment was never altered or excepted to, the plaintiff again sued him as a member of the partnership on the same account, and then consented for Simmons' demurrer to the petition to be sustained and the case dismissed as to him. This is contrary to the spirit of the law. In the opinion in the *Ford* case, supra, Justice Blandford, speaking for the court, said: "We are satisfied that a suit against a partnership which has been nonsuited or dismissed is not the same as an action against an individual; hence, when such suit against a partnership has been nonsuited, and another action has been instituted against an individual who it was alleged belonged to or was a member of the firm formerly sued, the latter action, although commenced within six months from the dismissal of the former suit, will not prevent the bar of the statute of limitations from attaching to the cause of action, under section 2932 of the Code" (section 4381 of the Code of 1910).

In *McFarland* v. *McFarland*, 151 *Ga.* 9 (105 S. E. 596), the first paragraph of the decision is as follows: "It is declared in the Civil Code, § 4381: 'If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause.' This statute applies only in cases in which a *valid* suit has been pending and subsequently dismissed." (Italics ours.) And in the 4th paragraph the court said: "Applying the principles stated in the preceding

notes, where a person was sued in a county other than that of his legal residence [as were Rhodes and Puett in the suit in the city court of Hall county], and the sheriff's entry of service stated that the defendant was served by leaving a copy at his place of residence, and the defendant appeared and filed a plea to the jurisdiction, alleging that he was a resident of another county, naming the county, traversing the entry of service and making the sheriff a party to the traverse, and upon the trial of the traverse and the issue made on the plea to the jurisdiction two separate verdicts were rendered, the first sustaining the traverse of the return of the sheriff and the other sustaining the plea to the jurisdiction, upon which verdicts the court entered a judgment reciting the verdicts and dismissing the case for want of jurisdiction; and within six months after such dismissal, but after the time at which the statute of limitations applicable to the case would ordinarily have run, a similar action was brought by the plaintiff against the defendant on the same cause of action, in the county where the defendant resided, such latter action was barred." Under the ruling in the *McFarland* case, if the city court of Hall county did not have jurisdiction of defendants Rhodes and Puett in the suit filed against them in Hall county in July, 1929, or if the suit then and there filed was not "valid" as against them for any reason, then such suit in Hall county would not toll the statute, and a second suit brought by the plaintiff against the defendants on the same cause of action in Fulton county, where one of the defendants resided, would be barred. When this case was before this court on the affidavit of illegality (*Rhodes* v. *Southern Flour & Grain Co.*, 45 *Ga. App.* 13, 163 S. E. 237), this court held: "Where a suit was brought against three separate defendants, alleging their residence in three separate counties, and second originals were served upon the two nonresident defendants, and where the resident defendant filed a plea . . denying that he was ever liable to the plaintiff in any sum, upon which plea the jury found a verdict in his favor, the court could not proceed to judgment against the two nonresident defendants merely because they had been served with second originals and had failed to file a defense. In such a case it is apparent from the face of the record that the court is *without jurisdiction* to render judgment against the nonresident defendants, and a judgment so rendered, though by default, is *absolutely void* and may be attacked by affidavit of illegality.

(Italics ours). . . Although the jurisdiction of the nonresident defendants sufficiently appeared at the time the suit was filed, the verdict in favor of the resident defendant established upon the record that there was no jurisdiction in fact, and that the suit was not maintainable against the nonresident defendants. . . The verdict finally rendered in favor of the resident defendant established the record that the court was in fact without jurisdiction of the nonresident defendants, so that the entry of service, at first apparently valid, proved to be abortive, and really amounted to no service at all." Since the judgment rendered against the defendants in the city court of Hall county in 1929 was "absolutely void" for want of jurisdiction, and an affidavit of illegality thereto was sustained, it follows that the suit was invalid and not such a suit as would toll the statute under section 4381 of the Code of 1910, providing that "If a plaintiff shall be nonsuited or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case." This being true, the recommencement of the suit against the same parties, in the municipal court of Atlanta, in August, 1932, on an open account for merchandise bought in October, 1926, though filed within six months from the dismissal of the Hall county suit, is barred by the statute of limitations.

The judge of the superior court did not err in overruling the certiorari and sustaining the judgment of the municipal court.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*