23479. NORTH AMERICAN ACCIDENT INSURANCE
COMPANY *v.* SCARBOROUGH.

PER CURIAM. Section 5626 of the Civil Code (1910) provides that, when any suit is dismissed, and the plaintiff desires to recommence his action without the payment of the costs, he must make and file with his petition an affidavit that he is advised and believes that he has good cause for recommencing his suit, and that owing to his poverty he is unable to pay the costs that have accrued in the case. These provisions, however, do not require that the affidavit, in order to be filed with the petition, must be attached thereto. *Powell* v. *Fidelity &c. Co.,* 48 *Ga. App.* 529 (7) (173 S. E. 196). In the instant case a defective affidavit was filed with the petition and actually attached thereto, but not referred to therein, which indicated that the suit was in renewal of the previous suit and that the costs had not been paid. In view of the ruling of the Supreme Court in *Anderson* v. *Hilton & Dodge Lumber Co.,* 110 *Ga.* 263 (34 S. E. 365), it might seem somewhat doubtful whether or not the affidavit filed with and actually attached to the petition between the petition and the process, when not referred to therein, could be construed as a part of the petition so as to render the petition subject to demurrer or motion to dismiss the petition. But we think that in such a case the situation differs from that in the Anderson case. In that case the account and contracts, attached to the affidavit of illegality but not referred to therein, were not such writings as the law required to be filed therewith. In the instant case, the law is mandatory that the affidavit must be filed with the petition, and when it is not only filed with the petition, but attached thereto, in support thereof, we think that it should properly be construed as a part of the petition and so hold. The petition therefore should have been dismissed on demurrer. But even though it were to be assumed that the affidavit was not strictly a part of the petition, so as to render the petition itself subject to demurrer or motion to dismiss, the affidavit as filed in the case was nevertheless an admission, and, we think, some part of the pleadings, even if not a part of the petition itself. Payment of the costs was an essential *condition precedent* to the right to maintain the new suit (*Johnson* v. *Central of Ga. Ry. Co.,* 119 *Ga.* 185, 45 S. E. 988; *Sweeney* v. *Malloy,* 107 *Ga.* 80,

84, 32 S. E. 858); or, in lieu thereof, the required statutory affidavit in forma pauperis was necessary. *Wright* v. *Jett*, 120 *Ga.* 995 (48 S. E. 345). An oral motion to dismiss a void proceeding is in order at any time. *Copeland* v. *Monroe*, 16 *Ga. App.* 586 (85 S. E. 789). Although the usual time for the moving and granting of a nonsuit is when the plaintiff first rests his case, in a proper case the court may at a later stage, "without error, refuse the plaintiff the privilege of going to the jury, and may end the case by a judgment of dismissal, in the nature of a nonsuit." *Murphy* v. *Ga. R. Co.*, 4 *Ga. App.* 522, 523 (61 S. E. 1133). Accordingly, irrespective of whether or not the motion to dismiss the *petition* should have been granted, it is nevertheless true that when at the conclusion of all the testimony, the defendant made a motion to dismiss the plaintiff's case because under *all* the pleadings and the evidence in said case there could be no legal recovery, this motion should have been granted, inasmuch as the plaintiff by her own independent pleading had shown that the suit was a renewal action, and that the costs had not been paid, without the existence of the vital facts in the affidavit necessary as a condition precedent to her right to maintain the suit.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., dissents.*

DECIDED SEPTEMBER 22, 1934.
ADHERED TO ON REHEARING, SEPTEMBER 29, 1934.

*Bryan, Middlebrooks & Carter, Yantis C. Mitchell, John A. Dunaway,* for plaintiff in error.

*A. E. Wilson, C. L. Padgett,* contra.

STEPHENS, J:, dissenting. Where a suit has been recommenced without the payment of the costs which have accrued upon a former suit of which it is a renewal, or the filing of the pauper's affidavit as required by section 5626 of the Civil Code of 1910, the matter is a subject for a plea in abatement. It can be raised by demurrer only in cases where it affirmatively appears from the petition that the suit is a renewal of a former suit in which the costs have not been paid and where the required affidavit has not been made. *Sparks Improvement Co.* v. *Jones,* 4 *Ga. App.* 61 (60 S. E. 810); *Realty Company* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832); *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (63 S. E. 638).

The only reference in the petition and the affidavit attached as respects any former suit and the non-payment of costs is contained in the averments in the affidavit that the affiant "has good cause for recommencing her suit" and "is unable to pay the costs that have accrued in the former suit by her against the defendant . .

which was dismissed by her." These averments, while perhaps evidentiary as an admission by the plaintiff that the costs in the former suit have not been paid, are not categorical allegations that the costs in the former suit, of which the present is a renewal, have not been paid. It must appear affirmatively from the petition that it is a renewal of a former suit in which the costs have not been paid to render the petition subject to demurrer upon this ground. An allegation in the petition, in the language of the averments of the affidavit, that the plaintiff is unable to pay the costs which have accrued upon the former suit, is not an allegation as to the non-payment of the costs. It is an allegation only as to the plaintiff's inability to pay the costs.

The petition does not affirmatively show that the costs of the former suit of which it is a renewal have not been paid, and this does not affirmatively appear from the evidence adduced upon the trial. The court therefore did not err in overruling the demurrer to the petition, and in overruling the motion made in the nature of a general demurrer to dismiss the entire case on the pleadings and the evidence.