## 30727.  BRINSON *v.* KRAMER.

DECIDED JANUARY 31, 1945.

*Louis H. Foster, John H. Payne, A. J. Shirley,* for plaintiff.
*S. P. Cain,* for defendant.

SUTTON, P. J.   J. L. Brinson brought suit in the city court of
Cairo against I. Kramer for damages for personal injuries alleged
to have been sustained by him in September, 1940.   The petition,
so far as material to a decision in this case, alleged: " (3) That the
plaintiff has previously filed two different suits against this de-
fendant upon this same cause of action in said court.   The first
of said suits was filed on August 2, 1941, and the same was dis-
missed on June 23, 1942, and is known as case No. 451 in said
court.   The second of said suits was filed on June 23, 1942, and
was dismissed on October 12, 1943, and is known as case No. 472
in said court.   (4) That each of said suits was filed within the
statute of limitations.   That said case No. 451 and which was
dismissed on June 23, 1942, was dismissed before said case No. 472
was filed and that the statute of limitations for this action had
not expired when suit or case No. 472 was filed in said court, but
that the statute of limitations had expired when case No. 472 was
dismissed.   (5) Plaintiff desiring to recommence his last named
case, No. 472, in said court comes now within six months after
said dismissal of said case and having paid all costs in each of said
cases in said court before the filing of this suit, files this his re-
newed suit in said case in said court."   The defendant filed a
special demurrer to paragraph 5 on the ground that it was not
alleged when the cost in each of said cases was paid, and, on the
date of the hearing of the case, he also made an oral motion to
dismiss the petition.   Counsel for the plaintiff elected to stand on
the suit without amending to meet the special demurrer.   Where-
upon, the court sustained the special demurrer, and then sustained
the oral motion and dismissed the action.   The plaintiff excepted
to said ruling and judgment and assigned error thereon.

The Code, § 3-508, provides that "a nonsuit, dismission, or dis-
continuance is negative, and the plaintiff may recommence his suit

on the payment of costs." § 3-808 provides: "If a plaintiff shall be nonsuited, or shall discontinue, or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." This section (3-808) has reference to the tolling of the statute and applies only where there has been a valid pending suit. *Southern Flour & Grain Co.* v. *Simmons,* 49 *Ga. App.* 517 (176 S. E. 121); *McFarland* v. *McFarland,* 151 *Ga.* 9 (105 S. E. 596). The petition does not allege when the costs in the two previous suits were paid, but it indicates that this was done at the time the present suit was filed. If the costs in the first case were not paid before the second suit was filed, then the second suit was not a valid pending suit, for the payment of the costs (or the filing of a pauper affidavit, Code, § 3-509), is a condition precedent to the right to file and maintain a suit which previously had been dismissed or nonsuited. As a general rule, this question can be raised only by a plea in abatement. *White* v. *Bryant,* 136 *Ga.* 423 (71 S. E. 677); *Cicero* v. *Scaife,* 129 *Ga.* 333 (58 S. E. 850); *Johnson* v. *Central of Georgia Ry. Co.,* 119 *Ga.* 185 (4) (45 S. E. 988); *Board of Education* v. *Kelley,* 126 *Ga.* 479 (55 S. E. 238); *Richie* v. *DuBose,* 6 *Ga. App.* 495 (65 S. E. 254); *Bland* v. *Bird,* 134 *Ga.* 74 (2) (67 S. E. 427). But where it appears from the petition or a proper construction thereof that the costs in the first suit were not paid before the filing of the second suit, which has been dismissed, then the question can be raised by demurrer. See *North American Accident Ins. Co.* v. *Scarborough,* 49 *Ga. App.* 833 (176 S. E. 671). It was alleged in the petition that the costs in the two previous suits had been paid before filing this suit. This was challenged by a special demurrer calling on the plaintiff to show when the costs were paid. The plaintiff chose to stand on his petition and declined to amend, though given an opportunity to do so. Under the allegations of the petition, it is important when the costs were paid, as it appears from the petition that the statute of limitations had expired when the second suit was dismissed; and necessarily the present suit was barred, unless the statute was tolled by the second suit. In order for this to have occurred, the second suit would have had to be a valid pending suit, which it could not have been, if the costs in

the first case were not paid before the second suit was filed. In *Sweeney* v. *Malloy,* 107 *Ga.* 80, 83 (32 S. E. 858), it is said: "The Code imposes upon him the obligation of paying these costs in full before he can maintain a second action. In other words, he had no right to renew his original suit without first paying all the costs and expenses which had accrued therein." "Payment of the costs was an essential condition precedent to the right to maintain the new suit; or, in lieu thereof the required statutory affidavit in forma pauperis was necessary." *North American Accident Ins. Co.* v. *Scarborough,* supra; *Johnson* v. *Central of Ga. Ry. Co.,* supra; *Sweeney* v. *Malloy,* supra; *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345). "A declaration must aver a time when every material, traversable fact alleged in it transpired. If it fails to do so, it is subject to special demurrer on that ground." *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539). For rulings to the same effect, see *Steed* v. *Harris,* 52 *Ga. App.* 581 (183 S. E. 847), and *Williams* v. *Bernath,* 61 *Ga. App.* 350 (6 S. E. 2d, 184). The office of a special demurrer to a petition is to cause the plaintiff to fully inform the defendant of facts relied on to make out the cause of action, so as to enable him to prepare his defense. We think the special demurrer in this case was well taken, and when the plaintiff refused to amend to meet it, it was proper for the court to sustain the special demurrer, and then to dismiss the action on the oral motion made in connection therewith. The oral motion to dismiss served the same purpose as a general demurrer and could be taken advantage of at the time it was made. Code, § 81-302. *Livingston* v. *King,* 2 *Ga. App.* 178 (2) (58 S. E. 395); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819). The court did not err in dismissing the action on the oral motion. The cases of *Sweeney* v. *Sweeney,* 119 *Ga.* 76 (46 S. E. 76, 100 Am. St. R. 159); *Seaboard Air-Line Ry.* v. *Randolph,* 126 *Ga.* 238 (55 S. E. 47); *Frommel* v. *Cox,* 158 *Ga.* 310 (123 S. E. 296), cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case, and the principles and rulings stated in those cases do not require or authorize a different ruling in the present case from the one herein made.

It is true that a plaintiff may dismiss and refile his suit any number of times, after the dismissal of the first one, without paying

the costs in that case, so long as the action is not barred by the statute of limitations, and the only penalty he will suffer each time will be a dismissal of his suit. But where the statute has expired, as it had in the present case, before the filing of the last suit, the plaintiff has not the right to renew his case by paying the costs at or before the time of filing the same, unless the statute has been tolled by a valid pending suit, which has been dismissed. Furthermore, it does not appear from the petition how the two former suits were dismissed; and the petition is to be construed most strongly against the plaintiff. If the first suit was dismissed on demurrer, the plaintiff would have had no right to renew it, and the same would be true as to the second suit. See *Ternest* v. *Georgia Coast &c. R. Co.*, 19 *Ga. App.* 94 (90 S. E. 1040).

*Judgment affirmed. Felton and Parker, JJ., concur.*