### 47971. SOSEBEE v. STEINER et al.

QUILLIAN, Judge. On November 9, 1967, appellant Mrs. Jewel Sosebee filed suit in the Fulton Superior Court

(Civil Action No. B-32675) against appellees Andrew Steiner, Robert and Company and National Car Rental System, Inc., seeking to recover for alleged personal injuries resulting from a May 21, 1967 automobile collision. Proper service was obtained upon all defendants.

On December 18, 1967, the plaintiff filed a second suit in the DeKalb Superior Court (Civil Action No. 46135), seeking to assert the same claim against the same defendants as in the prior Civil Action No. B-32675 filed in the Fulton Superior Court.

On plaintiff's own motion filed on January 19, 1968, plaintiff dismissed the prior Civil Action No. B-32675, in Fulton Superior Court. The plaintiff paid the court costs in that case on March 4, 1968.

The defendant filed a motion to abate in the second suit (Civil Action No. 46135, DeKalb Superior Court) "based upon the filing of this action prior to the dismissal of a prior action," which was sustained on June 2, 1971. The order dismissed without prejudice Civil Action No. 46135.

The plaintiff then filed the instant suit (Civil Action No. 61660) in the DeKalb Superior Court on June 7, 1971, seeking to assert the same claim against the same defendants as in the two prior actions. The defendants filed their motion for summary judgment in the instant case, which motion came on for hearing and was granted. The plaintiff filed an appeal and the case is here for review. *Held:*

The motion for summary judgment was sustained because the claim now before the court was barred by the provisions of Code § 3-1004, as amended (Ga. L. 1964, p. 763), which provides that personal injury actions must be brought within two years after the right of action occurs. The granting of the motion for summary judgment was correct.

At the time Civil Action No. 46135 was filed in DeKalb

Superior Court on December 18, 1967 the court costs had not been paid on Civil Action No. B-32675 in Fulton Superior Court. "The Code, § 3-508, provides that 'a nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs.' § 3-808 provides: 'If a plaintiff shall be nonsuited, or shall discontinue, or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section.' This section (3-808) has reference to the tolling of the statute and applies only where there has been a valid pending suit. *Southern Flour & Grain Co. v. Simmons,* 49 Ga. App. 517 (176 SE 121); *McFarland v. McFarland,* 151 Ga. 9 (105 SE 596). The petition does not allege when the costs in the two previous suits were paid, but it indicates that this was done at the time the present suit was filed. If the costs in the first case were not paid before the second suit was filed, then the second suit was not a valid pending suit, for the payment of the costs (or the filing of a pauper affidavit, Code § 3-509), is a condition precedent to the right to file and maintain a suit which previously had been dismissed or nonsuited." *Brinson v. Kramer,* 72 Ga. App. 63 (33 SE2d 41). See *Sparks v. Sparks,* 125 Ga. App. 198 (2) (186 SE2d 780).

Under that which was held in the above cases the case now pending before the court was not filed within the two year statute of limitation nor was it filed within the six month period allowed under Code § 3-808, as amended (Ga. L.1967,pp. 226, 244)because Civil Action No. 46135 filed on December 18, 1967 in the DeKalb Superior Court was not a valid pending action.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
Argued March 5, 1973 — Decided April 17, 1973.

*Albert P. Feldman,* for appellant.
*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Robert B. Wedge,* for appellees.