## 51041. GRIER v. WADE FORD, INC.

BELL, Chief Judge.

In this personal injury suit defendant was granted a summary judgment because of the bar of the statute of limitation. (Code § 3-1004). It conclusively appears from the pleadings and the evidence in support of the motion, which was not rebutted, that this case arose from an incident that occurred on June 17, 1972 and was filed on November 29, 1974; that it was a renewal of a prior identical suit filed on July 2, 1973 which was voluntarily dismissed on May 29, 1974; and that the costs of the prior suit had not been paid by plaintiff at the time the current action was filed. *Held:*

A plaintiff may voluntarily dismiss and refile his suit on payment of the costs of the first suit. Code § 3-508; CPA § 41(d) (Code Ann. § 81A-141(d)). But the payment of the costs is a condition precedent to the right to renew the original action. *Brinson v. Kramer,* 72 Ga. App. 63 (33 SE2d 41). The renewal statute, Code § 3-808, which tolls the statute of limitation when a prior dismissed suit is renewed within six months from the dismissal applies only where there has been a valid pending suit. *Southern Flour &c. Co. v. Simmons,* 49 Ga. App. 517 (176 SE 121). In order for the first suit to have been a valid pending suit, the costs would have to have been paid before the instant case was filed. *Brinson v. Kramer,* supra. As this was not done, the statute of limitation bars this action, even though filed within six months of the dismissal. The grant of summary judgment was proper. *Sosebee v. Steiner,* 128 Ga. App. 814 (198 SE2d 325).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 24, 1975.

*C. Samuel Rael,* for appellant.
*John F. Davis, Jr., Richard L. Ormand,* for appellee.