### 53317. PERRY v. LANDMARK FINANCE CORPORATION.

DEEN, Presiding Judge.

The appellee foreclosed on personal property of Perry put up as security on a note coming within the provisions of the Industrial Loan Act. It first filed foreclosure proceedings in the Municipal Court of Savannah on May 17, 1976. An identical action, the one here on appeal, was filed in the State Court of Chatham County on May 21, 1976, prior to the dismissal of the first suit and prior to payment of costs. The appellant's plea in abatement on the ground of pendency of another action was overruled, the trial judge noting that he had received a letter from the clerk of the municipal court on August 23, 1976, stating that the plaintiff dismissed the municipal court action on May 26, and that the information contained in this letter "corrects the information in the letter of June 16, 1976, from the deputy clerk of municipal court." It notes that costs were paid but does not state when they were paid. In any event, the second suit was filed before the first was dismissed and its costs paid. *Held:*

1. In ruling as he did the trial court doubtless followed certain obiter in *Swanson v. Holloway,* 128 Ga. App. 453 (197 SE2d 150), which is subject to the interpretation that if the plaintiff dismisses the first suit

and pays the costs prior to the filing of a plea of abatement to the second suit, such payment is timely. Other cases have solidly held that under the provisions of Code § 3-508 ("the plaintiff may recommence his suit on the payment of costs") and § 81A-141 (d) ("the plaintiff shall first pay the court costs of the action previously dismissed") it is necessary that costs of the original suit be *first paid* before the second suit is *filed.* Payment of costs is a condition precedent. *Brinson v. Kramer,* 72 Ga. App. 63, 64 (33 SE2d 41); *Sparks v. Sparks,* 125 Ga. App. 198 (2) (186 SE2d 780). "If the costs in the first case were not paid before the second suit was filed, then the second suit was not a valid pending suit. . ." *Sosebee v. Steiner,* 128 Ga. App. 814, 816 (198 SE2d 325). Accord, *Grier v. Wade Ford, Inc.,* 135 Ga. App. 821 (219 SE2d 43). We adhere to the ruling that under the above statutes it is essential that the first action be dismissed *and the costs paid* before the second action becomes a valid and pending suit. It is noted that the "first pay" language of Code § 81A-141 (d), which was written into the Code after the same interpretation had previously been given to § 3-508, is in almost the exact language of our constitutional provision, Code § 2-301, prohibiting the taking of private property without compensation "being first paid." This language has, in eminent domain cases, been held a condition precedent to the taking, or to an appeal, and not a mere irregularity which can be cured by payment at a later time. *Woodside v. City of Atlanta,* 214 Ga. 75, 80 (103 SE2d 108); *City of Gainesville v. Loggins,* 224 Ga. 114 (160 SE2d 374). Since the costs of the prior foreclosure action were not paid before the action was filed, the condition precedent was not met and the trial court erred in failing to grant the plea in abatement.

2. The record shows that an answer and counterclaim was filed by the defendant and does not show that any hearing was had thereon. The order of the trial court dated September 17, 1976, granting a writ of possession recites that defendant failed to answer the summons in the foreclosure case, and is obviously incorrect.

3. The order of September 15, 1976, in this record overrules one of the defenses urged in the answer, which is that the contract violates the provisions of the Georgia

Industrial Loan Act, Code § 25-301 et seq. in that it is for a loan period in excess of 24 months. The September 15 order states: "The Court construes 'from date' to mean 24 months from August 28, 1974." August 28, 1974, is the date on which the note and security bill of sale were signed, and the note calls for 24 payments of $52 each "commencing on October 5, 1974, and due the fifth of each month thereafter, with final installment due 24 months from date." 24 months from August 28, 1974, would be August 28, 1976, whereas 24 monthly installments would make the last installment fall due on September 5, 1976.

This construction may well have been the intent of the parties in this case. It is, however, sufficiently ambiguous so that if the defendant on the trial of this case contests this construction and is able to offer factual proof that "from date" refers to the date of October 5, 1974, rather than August 28, 1974, she should not be foreclosed from so doing.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 7, 1977 — DECIDED
JANUARY 18, 1977.

*Rachael G. Henderson, Steven Gottlieb, Philip L. Merkel, John L. Cromartie, Jr.,* for appellant.
*Pinckney R. Fleming,* for appellee.