## 67634. HILLIARD v. EDWARDS.

BANKE, Judge.

The appellant filed a personal injury action against the appellee in DeKalb County on May 5, 1982. On August 2, 1982, while the

DeKalb action was still pending, the appellant filed the present action against the appellee in Gwinnett County to recover on the same claim. The appellee acknowledged service of the Gwinnett action on December 10, 1982, and, in an answer filed on December 12, 1982, raised as an affirmative defense the pendency of the DeKalb action. On December 12, 1982, the appellant voluntarily dismissed the DeKalb action without prejudice but did so without paying all of the costs of that suit.

On May 23, 1983, the appellee moved for summary judgment in the Gwinnett action, based both on the pendency of the DeKalb action at the time the Gwinnett action was filed and on the appellant's failure to pay the costs of the DeKalb suit prior to filing the Gwinnett action. The trial court granted the motion and dismissed the complaint, based on a determination that the payment of costs in the DeKalb action had been a condition precedent to refiling it in Gwinnett County. *Held:*

1. Pursuant to OCGA § 9-11-41 (d) (Code Ann. § 81A-141), "[i]f a plaintiff who has dismissed an action in any court commences an action, based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." This requirement that the costs of the dismissed action be paid prior to the recommencement of the claim has been held to constitute an absolute jurisdictional prerequisite to the validity of the new action. See *Little v. Walker,* 250 Ga. 854 (301 SE2d 639) (1983). *Couch v. Wallace,* 249 Ga. 568 (292 SE2d 405) (1982). The statute applies by its terms only where the plaintiff has dismissed the first action prior to commencing the renewal action; however, in *Perry v. Landmark Fin. Corp.,* 141 Ga. App. 62 (1) (232 SE2d 399) (1977), this court held that the statute also applies where the second suit is initiated while the first action is still pending. We need not decide this case on the basis of *Perry,* however, as the judgment of the trial court must be affirmed in any event.

"Under [OCGA § 9-2-5 (Code Ann. § 3-601)], if two suits are filed at different times each for the same cause and against the same party, the pendency of the first shall be a good defense to the latter. The effect of the defense cannot be avoided even by a dismissal of the first suit. (Cits.)" *Steele v. Steele,* 243 Ga. 522 (2), 523 (255 SE2d 43) (1979). Since the appellee did assert the pendency of the DeKalb action as a defense to the present action, the trial court was correct in dismissing the complaint. However, because the complaint was dismissed in response to the appellee's motion for summary judgment, and because the grant of a motion for summary judgment is ordinarily considered an adjudication on the merits of a claim, the court is hereby directed to amend the dismissal order so as to specify

that it is without prejudice. See *Dawson v. McCart,* 169 Ga. App. 434 (313 SE2d 135) (1984). In making this ruling, we, of course, express no opinion whatsoever on whether a renewal of the action would be barred by the applicable statute of limitation.

2. We reject the appellant's assertion that the prior DeKalb suit was never served upon the appellee, and thus never became a pending action, since the record of that suit, a certified copy of which has been made a part of the record in the case before us, indicates that the appellee was in fact served.

*Judgment affirmed with direction. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1984.

*E. Graydon Shuford,* for appellant.
*Malcolm P. Smith,* for appellee.