75958, 75961. GOBER v. NISBET et al. (two cases).
75959, 75962. NISBET v. GOBER et al. (two cases).
75960, 75963. HOSPITAL AUTHORITY OF FULTON COUNTY
v. GOBER et al. (two cases).

(367 SE2d 68)

BANKE, Presiding Judge.

On September 21, 1983, Jack Russell Gober was shot and killed by an emotionally disturbed individual named Mark Baldwin during the course of a fatal assault by Baldwin against his (Baldwin's) former wife. The killings took place in a restaurant where Baldwin's former wife worked as a waitress and where Gober had the misfortune to be present as a customer.

More than three years later, on October 23, 1986, Mrs. Doris E. Gober, acting in her capacity as the executrix of her deceased husband's estate, brought suit in the State Court of Fulton County against Dr. John Nisbet and the Hospital Authority of Fulton County, d/b/a Northside Hospital, seeking to recover damages for their alleged negligence in failing to foresee and prevent Baldwin's homicidal conduct. On that same date, Mrs. Gober also joined with Mr. Gober's children in filing a wrongful death action against Dr. Nisbet and Northside Hospital in the State Court of Fulton County, based on the same allegations of negligence.

At the time the Fulton County actions were filed, Mrs. Gober and her children had identical claims pending against these same defendants in the State Court of Gwinnett County. Unlike the Fulton County actions, the Gwinnett County actions had been filed within the two-year limitation period applicable to the claims. See OCGA §§ 9-3-33; 9-3-71. Seeking to avoid the bar of the statute of limitations in the Fulton County actions by maintaining them as renewal actions pursuant to OCGA §§ 9-2-61 (a) and 9-11-41 (d), the plaintiffs voluntarily dismissed the Gwinnett County actions on October 28, 1986 (i.e., five days after the Fulton County actions were filed) and subsequently paid the accrued costs owing therein.

The defendants asserted the bar of the statute of limitations as a defense in the Fulton County actions and moved for summary judgment on the basis of that defense, contending that the plaintiffs were not entitled to invoke the protection of the renewal statute because they had not ascertained and paid the accrued costs outstanding in the Gwinnett County actions prior to filing the Fulton County actions. The trial court declined to grant summary judgment to the defendants on the basis of this defense but did grant summary judgment in their favor on the merits of the plaintiffs' negligence claims. Case Nos. 75958 and 75961 represent appeals by the plaintiffs from the latter ruling, while Case Nos. 75959, 75960, 75962, and 75963 represent separate cross-appeals by the defendants from the former rul-

ing. *Held*:

1. The validity of a renewal action filed pursuant to OCGA § 9-2-61 (a) is contingent upon compliance with OCGA § 9-11-41 (d), which provides as follows: "*Cost of previously dismissed action.* If a plaintiff *who has dismissed* an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs *of the action previously dismissed.*" (Textual emphasis supplied.) See *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983). See also *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984) (holding that "payment of costs in a dismissed action is not an affirmative defense but a jurisdictional matter which may never be waived").

In reliance on such recent decisions as *Hiley v. McGoogan*, 177 Ga. App. 809 (341 SE2d 461) (1986) and *Daugherty v. Norville Indus.*, 174 Ga. App. 89 (329 SE2d 202) (1985), the plaintiffs contend that the trial court correctly determined that they had fulfilled the requirements of OCGA § 9-11-41 (d), based on their counsel's affidavit that, prior to filing the Fulton County actions, she had made a "good faith inquiry" to the Gwinnett County Clerk's Office to determine whether any costs were due in the Gwinnett County actions and had been informed that no costs would be assessed until certain counterclaims pending in those actions had been disposed of. The plaintiffs assert that their subsequent payment of the accrued costs in the Gwinnett County actions occurred within a reasonable time after they later learned of the existence and amount of those costs. However, even assuming that the plaintiffs' failure to pay the costs of the Gwinnett County actions prior to filing the Fulton County actions was excusable under these circumstances, we must nevertheless conclude that the protection of OCGA § 9-2-61 (a) is not available to them, due to the fact that the Gwinnett County actions had not yet been dismissed at the time the Fulton County actions were filed.

OCGA § 9-11-41 (d) applies by its terms only to "previously dismissed" actions, and this court has previously held that "it is essential that the first action be dismissed and the costs paid before the second action becomes a valid and pending suit." *Perry v. Landmark Fin. Corp.*, 141 Ga. App. 62, 63 (232 SE2d 399) (1977). (Emphasis omitted.) While we recognize that this court, in *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39) (1984), later characterized *Perry* as holding that "the [renewal] statute also applies where the second suit is initiated while the first action is still pending," that observation was mere dicta, and upon further study it is apparent that the *Perry* decision in fact contains no such holding. The two actions before us having been filed prior to the dismissal of the original actions, we hold that they do not stand on the same footing, as to limitation, as the original actions and that the trial court consequently

erred in denying the defendants' motions for summary judgment based on the running of the statute of limitations.

2. As a result of the foregoing holding, it is unnecessary to address the correctness of the trial court's grant of summary judgment to the defendants on the merits of the plaintiffs' negligence claims.

*Judgment reversed in Case Nos. 75959, 75960, 75962, and 75963. Appeals dismissed in Case Nos. 75958 and 75961. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1988 —
REHEARING DENIED MARCH 8, 1988 — 

*James E. Butler, Jr., Mary Lou Keener, John Manning,* for Gober et al.

*Terrance C. Sullivan, Timothy H. Bendin,* for Nisbet.

*Robert G. Tanner, Mark E. Bergeson,* for Fulton County Hospital Authority.