## A89A0494. JONES v. CARGILL, INC.
(383 SE2d 206)

BENHAM, Judge.

This case involves the renewal statute in OCGA § 9-2-61, and the issue is whether appellant's failure to ensure that his first complaint was dismissed prior to the filing of the second complaint deprives him of the protection from the statute of limitation afforded by the renewal statute. We agree with the trial court that it does.

Injured in July 1984, appellant sued appellee in superior court in July 1986. The record in that case (as it appears in the record of this case) shows that a voluntary dismissal was filed at 10:34 a.m., August 6, 1987. The complaint in this case was filed in state court at 9:34 a.m., August 6, 1987. Appellee moved for summary judgment, asserting as one ground therefor the expiration of the period of limitation. That defense was based on appellee's assertion that appellant's effort to renew the action failed because of his failure to first dismiss the superior court action. Appellee's position is supported by this court's decision in *Gober v. Nisbet*, 186 Ga. App. 264 (1) (367 SE2d 68) (1988): "The validity of a renewal action filed pursuant to OCGA § 9-2-61 (a) is contingent upon compliance with OCGA § 9-11-41 (d), which . . . applies by its terms only to 'previously dismissed' actions, and this court has previously held that *'it is essential that the first action be dismissed* and the costs paid before the second action becomes a valid and pending suit.' [Cit.]" (Emphasis supplied.) Given that authority and the fact that appellant's first action was not dismissed before the second action was filed, appellee was entitled, as was the defendant in *Gober*, to summary judgment based on the running of the statute of limitation.

Appellant's argument that the result here is too harsh to be based on what he calls the "mere fortuity in the processing of the morning mail in the two clerks' offices," ignores the reality of the matter: it was appellant who had control over when the dismissal was to take effect and when the second suit was filed. To avoid this result, appellant could have sent the dismissal first, ensured that it was filed, then sent the complaint.

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 7, 1989.

*Nelson & Hill, Joseph C. Nelson III, Curtis G. Shoemaker*, for appellant.
*Stephens & Shuler, Ann A. Shuler*, for appellee.